81 U.S. 452
 20 L.Ed. 777
 14 Wall. 452
 NICOLSON PAVEMENT COMPANY
v.
JENKINS.
 December Term, 1871
 
 ERROR to the Circuit Court for the District of California; the case being thus:
 On the 8th of August, 1854, Samuel Nicolson obtanied letters-patent for an improvement on wooden pavements. On the 1st of December, 1863, he obtained a reissue. He then, December 1st, 1864, made an assignment to Jonathan Taylor thus:
 'Whereas I, Samuel Nicolson, invented a certain new and useful improvement in wooden pavements, of which letters-patent of the United States of America (numbered 1583 of reissued patents, and bearing date the 1st of December, 1863) have been granted to me, giving to me and my legal representatives the exclusive right of making, using, and vending the said invention throughout the said United States; the original patent being dated August 8th, 1854, and given for the term of fourteen years.
 'And whereas Jonathan Taylor has agreed to purchase from me all the right, title, and interest which I have in and to the said invention for and in the city of San Francisco, as secured by the said letters-patent, and has paid to me the sum of one dollar, the receipt whereof is hereby acknowledged.
 'Now, therefore, this indenture witnesseth, that for and in consideration of the said sum to me paid, I have assigned, sold, and set over, and do hereby assign, sell, and set over, unto the said Taylor, all the right, title, and interest which I have in the said invention and letters-patent for and in the said city of San Francisco, but in no other place.
 'The same to be held and enjoyed by the said Taylor for the use and behoof of him and his legal representatives to the full end of the term for which the said letters-patent are or may be granted, as fully and effectively as the same would have been held and enjoyed by me had this assignment never been made.'
 Afterwards, August 20th, 1867, Nicolson obtained another reissue of the same letters-patent on an amended specification; and he having died in January, 1868, intestate, the Commissioner of Patents, on the application of his administrator, on the 7th of July, 1868, renewed and extended the letters-patent for seven years from the 8th of August, 1868, under the well-known 18th section of the act of July 4th, 1836, and the act of Congress of May 27th, 1848.
 The right (whatever it was), which was vested in Taylor under the assignment, being subsequently transferred to the Nicolson Pavement Company, and that company having laid a large extent of the patented pavement in San Francisco, after the expiration of the original patent, one Jenkins, who had obtained from the administrator of Nicolson whatever right was vested in him under the renewal and extension of 1868, sued the company.
 The question, of course, was whether the assignment from Nicolson to Taylor of December 1st, 1864, vested any estate, right, title, or interest in the assignee, in or to the extended or renewed term, which was acquired by Nicolson's administrator under the act of Congress, subsequent to the date of the assignment.
 The court below thought that it did not, and gave judgment against the company. From that judgment the company brought the case here.
 
 Mr. T. T. Crittenden, for the plaintiff in error:
 
 The Commissioner of Patents having been authorized by statute to grant extensions for seven years, the original letters-patent then became virtually a patent for twenty-one years. No one can in view of well-known decisions of this court deny that the inchoate right of the inventor to the exclusive privileges under an extension of letters-patent is the subject of a sale, and certainly the words of this assignment in the concluding part of it are applicable only to a design to convey both a present and future interest.
 
 Mr. M. H. Carpenter (a brief of Mr. J. R. Sharpstein being filed), contra:
 
 The recitals in the assignment show that the original patent had been issued for the term of fourteen years, and that before the expiration of the term there had been a reissue of the patent; that Taylor had agreed to purchase a certain interest in said invention, 'as secured by said letters-patent' (the letters-patent recited); that in consideration of the premises he assigned, sold, and set over to said Taylor his interest 'in the said invention and letters-patent,' the letters-patent thereinbefore mentioned. Thus far there is no allusion to any term or letters-patent other than the original term of fourteen years, and the letters-patent originally issued, and the reissued letters recited.
 These form the entire subject-matter of the contract. There can be no doubt as to the intention of the parties, unless certain words in the habendum clause, contrary to the ordinary rules of construction, can be construed as extending the contract to a subject-matter not before embraced, or referred to, in the recitals or granting portions of the deed. As we have seen, the habendum clause is, 'the same to be held and enjoyed . . . to the full end of the term for which the said letters-patent are or may be granted.' The words 'may be granted' are the only ones in the whole instrument that can be thought to point to an extension that might subsequently be acquired. But they must be read in connection with, and in subordination to, the rest of the instrument, and this very clause refers to 'the term for which the said letters-patent,' &c. A single term is referred to, and the said letters-patent. The reference is in terms to the term and the letters-patent already mentioned. The phrase 'may be granted,' seems to be an expression loosely used, and without any definite meaning in the connection in which it is found, unless it refers to other reissues of patents covering the remainder of said term. There had already been one reissue, and the facts show that a second reissue was had for the remainder of the term after this assignment, doubtless to cover some defect. These reissues are authorized by the act of Congress, and often occur. In a certain sense, when the patents thus originally issued are surrendered and others issued in their place, the whole may be regarded as the same letters-patent. They cover the same term. The reissued patent covers no improvement or extension, but is intended to rectify some error, or remedy some defect, and accomplish the identical object intended to be accomplished by the letters originally issued. In this sense they are substantially the same letters-patent. In this view the words 'may be granted' may have some siguificance as used in this instrument, and they are satisfied by applying them to any further letters-patent that might be issued for the same term and to accomplish the same objects intended by those already issued. And in this instance there was a subsequent reissue for the remainder of the term, to which they might in fact apply. But upon a view of the whole instrument, to construe them as referring to a new term, and letters-patent not yet in esse, would be doing violence to the language.
 Mr. Justice DAVIS delivered the opinion of the court.
 
 
 1
 An assignment of an interest in an invention secured by letters-patent, is a contract, and like all other contracts is to be construed so as to carry out the intention of the parties to it. It is well settled that the title of an inventor to obtain an extension may be the subject of a contract of sale, and the inquiry is whether the instrument of sale employed in this case, did secure to the purchaser an interest not merely in the original letters-patent, but in any subsequent extension of them. It recites the invention and the agreement of Taylor to purchase the right to use it in the city of San Francisco, and then conveys to him all the title and interest which Nicolson had in the invention and letters-patent for and in the said city; to be enjoyed by Taylor and his legal representatives to the full end of the term for which the said letters-patent are, or may be granted. There is no artificial rule in construing a contract, and effect, if possible, is to be given to every part of it, in order to ascertain the meaning of the parties to it. Taking this whole deed together, it is quite clear that it was intended to secure to Taylor and his assigns the right to use the invention in San Francisco, as long as Nicolson and his representatives had the right to use it anywhere else. Manifestly something more was intended to be assigned than the interest then secured by letters-patent. The words 'to the full end of the term for which the said letters-patent are or may be granted' necessarily import an intention to convey both a present and a future interest, and it would be a narrow rule of construction to say that they were designed to apply to a reissue merely, when the invention itself by the very words of the assignment is transferred. It was easy to have restricted the right to use the invention to the end of the term of the original letters and reissues, but this was not done; and in view of the right of the inventor in certain contingencies to a renewal,—which must have been well known to both buyer and seller of this kind of property,—we are led to the conclusion that both parties contracted with reference to it. The case of The Railroad Company v. Trimble* is not different in principle from this, although in that case the language used is somewhat broader.
 
 
 2
 JUDGMENT REVERSED, AND A VENIER DE NOVO AWARDED.
 
 
 
 *
 10 Wallace, 367.