### JOHNSON *v.* WILCOX & GIBBS S. M. Co.[1]

*(Circuit Court, S. D. New York.   May 21, 1886.)*

1. PATENTS FOR INVENTIONS—ASSIGNMENT BEFORE ISSUE.

    When an assignment is made pending an application, or in contemplation of an application, for letters patent, it is fair to assume that the parties contract with reference to the legal title which they expect will then be granted.

2. SAME—INVENTION OR IMPROVEMENT.

    The word "invention" or "improvement," when used in an assignment with reference to a pending application, refers to the subject-matter of the grant, and not to a possible future title which may be granted out of personal consideration for the inventor, *i. e.,* an extended term.

3. SAME—COVENANT CONSTRUED.

    A covenant by the owner of an invention to assign to himself and another jointly "said letters patent about to be issued," does not embrace the interest of the assignor in extending the patent.

*S. G. Clarke* and *Edwin B. Smith,* for plaintiff.

*Stephen A. Walker,* for defendants.

WALLACE, J.   The demurrer to the complaint is not well taken, unless an assignment by an inventor of his "right, title, and interest in said improvement," without more, carries to the assignee title to an extension of the original patent.   The defendant relies in support of the demurrer upon *Hendrie* v. *Sayles,* 98 U. S. 546.   In that case the assignment was of "all the right, title, and interest whatever which we now have, or by letters patent would be entitled to have, and possess in the aforesaid invention, to the full extent and manner

---

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

in which the same would have been, or could be, held and enjoyed by us had this assignment never been made." The court, in the opinion of Mr. Justice CLIFFORD, cite with approval the case of *Clum* v. *Brewer*, 2 Curt. C. C. 520. In that case CURTIS, J., used this language:

"I am inclined to the opinion that a sale of 'the invention' before letters patent are obtained does not necessarily carry with it the exclusive right for the extended term, because this right is not a mere incident of the invention. Its existence is made to depend, not only on matter which is subsequent to the invention, but exclusively personal to the inventor himself; and only he or his personal representatives can obtain it. This may distinguish the case from *Carnan* v. *Bowles*, 2 Brown, Ch. 80. But at the same time it must be admitted that where an inventor has, in terms, sold to another person a part of his invention, he has done that which is quite consistent with the intent to have that other person participate in all the rights which he as an inventor can acquire by law; and that where the invention is the subject sold, it would be natural to find in the instrument of sale something showing an intention that the purchaser should be interested, not merely in the letters patent, but in any extension thereof securing the exclusive right to the same invention which was the subject of the sale. Taking the whole of this deed together, I think it quite clear such was the intention of its parties. It superadds to the words 'my invention' the words 'rights and property that I may have from any letters patent for the same.' These terms are broad enough to include the extended letter patents now in question."

In *Hendrie* v. *Sayles* the cases of *Railroad Co.* v. *Trimble*, 10 Wall. 367, and *Nicholson Pavement Co.* v. *Jenkins*, 14 Wall. 452, are also cited as pertinent. In both of these cases the assignment was not merely of the invention, but also of all the rights of the inventor to letters patent "which are or may be granted." In the latter case the court, by Mr. Justice DAVIS, delivering the opinion, say:

"Manifestly, something more was intended to be assigned than the interest then secured by letters patent. The words 'to the full end of the term for which the said letters patent are or may be granted' necessarily import an intention to convey both a present and future interest, and it would be a narrow rule of construction to say that they were designed to apply to a reissue merely, when the invention itself, by the very words of the assignment, is transferred."

Assuming that an assignment of the inventor's interest in the "improvement" is the same thing as an assignment of his interest in an "invention," the authority upon which the defendant relies, when considered in reference to the facts of the particular case, does not sustain the defendant's contention; and the present case falls directly within the distinction suggested by CURTIS, J., in *Clum* v. *Brewer*. When an assignment is made pending an application, or in contemplation of an application for letters patent, it is fair to assume that the parties contract with reference to the legal title which they expect will then be granted. As is said in *Woodworth* v. *Sherman*, by STORY, J., (3 Story, 178:)

"In the first place, the grantor or assignor cannot be presumed to have received any compensation or consideration, except for the very thing, and to

the very extent, which the language properly indicates. In the next place, no court is at liberty to add to the terms used any meaning beyond their ordinary import, unless there are some supplementary expressions to justify such a construction."

The word "invention" or "improvement," when used in reference to a pending application, naturally refers to the subject-matter of the expected grant, and would seem more appropriately to refer to that alone than to a possible future title which may be granted out of personal consideration for the inventor. It has been held in several cases in the circuit court that an assignment of an interest in an invention, and letters patent therefor, made before the expiration of the original term, does not carry with it any interest in a subsequently extended term, unless the agreement contains a specific provision to that effect. *Gear* v. *Grosvenor*, 6 Fisher, 321; *Wetherill* v. *Zinc Co.*, Id. 50; *Holmes* v. *Sprague*, 4 O. G. 581.

The complainant in this case alleges that the plaintiff entered into a written contract with one Emory, in which it was agreed that the latter "should advance certain sums of money, which would be required to take out said (original) letters patent; and that the former, in consideration thereof, should assign to himself and said Emory jointly said letters patent about to be issued," and that said contract was duly recorded in the patent-office. Within all the authorities, such an assignment would not carry the interest of the patentee in extending letters patent. The defendant's argument is based upon the recital contained in the original letters patent,—"he (the inventor) having assigned his right, title, and interest in said improvement to himself and Francis F. Emory." This recital should not be construed to countervail the allegation in the bill of an assignment of the letters patent merely. If the case were to be decided upon this consideration alone, the demurrer would have to be overruled.

Judgment is ordered for the plaintiff on the demurrer, unless the defendant answers.