# United States Court of Appeals
# for the Federal Circuit

---

**TRI-STAR ELECTRONICS INTERNATIONAL, INC.,**
*Plaintiff-Appellee,*

v.

**PRECI-DIP DURTAL SA,**
*Defendant-Appellant,*

---

2009-1337

---

Appeal from the United States District Court for the Central District of California in Case No. 08-CV-4226, Judge Gary A. Feess.

---

Decided: September 9, 2010

---

SPENCER PERSSON, Fulbright & Jaworski L.L.P., of Los Angeles, California, argued for plaintiff-appellee. On the brief were GREGORY B. WOOD and TODD M. SORRELL

WILLIAM J. LENZ, Neal, Gerber & Eisenberg LLP, of Chicago, Illinois, argued for defendant-appellant. With him on the brief were ROBERT E. BROWNE, HILLARY A. MANN, MAURICE E. FINNEGAN and MICHAEL R. TURNER.

---

Before NEWMAN, BRYSON, AND DYK, *Circuit Judges*.

NEWMAN, *Circuit Judge*.

The district court denied the motion to dismiss this patent infringement suit for lack of standing under Federal Rule of Civil Procedure 12(b)(1),[1] and certified the ruling for interlocutory appeal. We accepted the certified question,[2] and now affirm the district court's decision.

BACKGROUND

On June 16, 1998, Mr. Leslie Kerek, an inventor employed by Tri-Star Electronics International, Inc., executed an assignment of the invention set forth in a specified patent application entitled "Socket Contact," in accordance with his employment contract. The invention was assigned to "Tri-Star Electronics International, Inc., its successors, legal representatives and assigns," and in the assignment document Tri-Star Electronics International, Inc. was identified as an Ohio corporation. The patent application was filed in the United States Patent and Trademark Office on June 25, 1998, and the assignment was recorded in the PTO on that date. On September 7, 1999, Mr. Kerek executed an assignment for a continuation-in-part application, U.S. Application No. 09/395,515. The assignment used the same form as the parent application's assignment, assigned the invention to "Tri-Star Electronics International, Inc., its successors, legal representatives and assigns," and again identified Tri-Star Electronics International, Inc. as an Ohio

---

[1]    *Tri-Star Electronics Int'l, Inc. v. Preci-Dip Durtal SA*, Case No. 08-CV-4226 (C.D. Cal. Feb. 19, 2009) ("District Court Opinion").

[2]    Tri-Star Electronics Int'l, Inc. v. Preci-Dip Duratal SA, 345 F. App'x 565 (Fed. Cir. 2009).

corporation. This application issued as U.S. Patent No. 6,250,974 on June 26, 2001, and is the patent-in-suit.

Tri-Star Electronics International, Inc. was incorporated under the laws of the State of Ohio on August 5, 1991. On December 31, 1997, the Secretary of State of Ohio recorded a certificate of merger between the Ohio corporation and a newly created California corporation, also named Tri-Star Electronics International, Inc., and on June 24, 1998, the Secretary of State of California recorded a Certificate of Ownership recognizing the merger. On August 11, 2005, the Tri-Star California corporation merged into a newly created Delaware corporation.

On June 26, 2008, the Tri-Star Delaware corporation sued Preci-Dip Durtal SA for infringement of the '974 patent. Preci-Dip moved to dismiss, arguing that Mr. Kerek had assigned his invention to a non-existent entity, the Tri-Star Ohio corporation, and therefore the chain of ownership never came into effect. On January 22, 2009, Mr. Kerek (by his wife's durable power of attorney) executed a "Confirmatory Assignment," reciting the status of each succeeding Tri-Star corporate entity and stating that he "confirmed" his assignment to the appropriate Tri-Star corporations.

The district court interpreted the September 7, 1999 assignment as conveying ownership to the Tri-Star California corporation, as the assignment transferred ownership rights to Tri-Star of Ohio and its "successors, legal representatives, and assigns." *District Court Opinion* at 5. The district court held that "at the time of Kerek's assignment of rights to the Ohio corporation, the California corporation existed as its successor and validly acquired Kerek's patent rights itself." *Id.* The district court observed that under Ohio law the Ohio corporation continued to exist for the purpose of vesting property rights, including the assignment of the patent

application, in the successor California corporation, citing Ohio Rev. Code §1701.82(A)(1) (2010) which provides that "whenever a conveyance, assignment, transfer, deed, or other instrument or act is necessary to vest property or rights in the surviving or new entity," the merged corporation continues to exist for these purposes. *Id.* Preci-Dip does not challenge the subsequent transfer by the California corporation to the Delaware corporation; the question is whether the California corporation came into the chain of ownership of the patent application through Mr. Kerek's assignment.

DISCUSSION

In accordance with 35 U.S.C. §281, a party must be a "patentee" to "have remedy by civil action for patent infringement." The term "patentee," as defined in Title 35, means "not only the patentee to whom the patent was issued but also the successors in title to the patentee." 35 U.S.C. §100(d). Preci-Dip argues that the Delaware corporation lacks standing to sue because Mr. Kerek assigned his patent application to a non-existent Ohio corporation. Preci-Dip asserts that no assignment was achieved, and Mr. Kerek continues to own the patent. Preci-Dip contends that the "successor, legal representatives and assigns" language in the assignment document is merely "boiler-plate," and cannot be viewed as conveying ownership to an unnamed "successor."

An assignment of a patent is interpreted in accordance with statutory and common law of contract; the district court relied, without dispute, on Ohio law. Ohio law endeavors to "give effect, if possible, to every provision, and if one construction of a doubtful condition written in a contract would make that condition meaningless, and it is possible to give it another construction that would give it

meaning and purpose, then the latter construction must obtain." *Farmers' Nat'l Bank v. Delaware Ins. Co.*, 94 N.E. 834, 834 (Ohio 1911) (syllabus by the court). The district court held that Tri-Star of California, as the existing successor to Tri-Star of Ohio, received the assignment of the patent at the time of the assignment. This interpretation maintains the validity of every contract provision, *see generally id.* at 838-39, and gives effect to the contract's purpose of assigning the invention to Mr. Kerek's employer, *see Westfield Ins. Co. v. Galatis*, 797 N.E.2d 1256, 1261 (Ohio 2003).

The district court looked to the contracting parties' mutual intent, for "[a]n assignment of an interest in an invention secured by letters-patent, is a contract, and like all other contracts is to be construed so as to carry out the intention of the parties to it," *Nicolson Pavement Co. v. Jenkins*, 81 U.S. 452, 456 (1871); *see generally* Restatement (Second) of Contracts §201(1) (1981) ("Where the parties have attached the same meaning to a promise or agreement or a term thereof, it is interpreted in accordance with that meaning."). It is not disputed that Mr. Kerek intended to assign his patent rights to his employer, as his employment agreement required. Preci-Dip has offered no reason to disregard this contractual intent as evidenced in the entirety of the assignment. Ohio law instructs that the primary objective of contract interpretation "is to give effect to the intent of the parties, which we presume rests in the language that they have chosen to employ." *In re All Kelley & Ferraro Asbestos Cases*, 821 N.E.2d 159, 167 (Ohio 2004). Federal Circuit law is in accord. It is "a fundamental precept of common law that the intention of the parties to a contract controls its interpretation." *Beta Sys. Inc. v. United States*, 838 F.2d 1179, 1185 (Fed. Cir. 1988); *Alvin Ltd. v. United States Postal Serv.*, 816 F.2d 1562, 1565 (Fed. Cir. 1987) ("In the case of contracts, the avowed purpose and

primary function of the court is the ascertainment of the intention of the parties.").

The parties to the assignment agree that Tri-Star of California, as successor to Tri-Star of Ohio, was the intended recipient of ownership rights at the time of execution of the assignment. The letter of the assignment conforms with this intent, in conveying ownership to "Tri-Star Electronics International, Inc., its successors, legal representatives and assigns." The term "successor" gives effect to this intent. Section 1701.82(A)(1) provides further confirmation that the conveyance was valid under Ohio law. Accordingly, we affirm the district court's ruling that the assignment transferred ownership to Tri-Star of California. The ensuing transfer to the Tri-Star Delaware corporation is not challenged. Answering the certified question, we hold that the Tri-Star Delaware corporation has standing to bring this suit.

**AFFIRMED**