**LA FON v. GRIMES.**

No. 8196.

Circuit Court of Appeals, Fifth Circuit.

Dec. 9, 1936.

Dan Moody and J. B. Robertson, both of Austin, Tex., for appellant.

E. L. Klett, of Lubbock, Tex., and Herman R. Crile, of Roswell, N. M., for appellee.

Before HUTCHESON and HOLMES, Circuit Judges, and STRUM, District Judge.

HUTCHESON, Circuit Judge.

Appellee sued in trespass to try title to recover seven sections of land. The petition was in two counts. The first was in statutory form, the second pleaded her title specially. Summed up, what she pleaded was that she and appellant claimed under a common grantor, one W. T. Jones. That appellant's deed was prior in time, but hers was prior in right. For though his deed was given in August, 1933, it was not recorded or filed for record until December 14, 1934, and in the meantime she had become a subsequent purchaser for value and without notice. Viewed more in detail, this is what she alleged.

W. D. Grimes, her husband, and Jones were the joint owners of land encumbered with an indebtedness aggregating approximately $26,000 on which they were jointly obligated to the extent of $20,000. On November 3, 1933, practically all of the indebtedness having become due and $10,-000 of it having been reduced to judgment, she and Grimes entered into a written agreement with Jones by which Jones was given sixty days to refinance the indebtedness on a basis which would clear Grimes from personal liability in respect of it, and a reasonable time thereafter to consummate the arrangements, in which event Jones was to take title to the property. In the event Jones could not effect this refinancing, Grimes was to take it, Jones to be freed and cleared of the indebtedness. As a part of the agreement, deeds were executed by Grimes and placed

in escrow, to be delivered under the escrow agreement to Jones or to Grimes, according to the event.

On or about May 7, 1934, Jones, finding himself unable to refinance the indebtedness, acknowledged his inability to do so and authorized the escrow holder, the First National Bank of Lubbock, to deliver the deed to her, her husband having died on or about February 25, 1934. She alleged further that she and her husband had fully complied with the terms of the escrow agreement, without notice or knowledge of the mineral deed to appellant, and that they had then paid a valuable consideration for the purchase of the land, to wit, by granting Jones the option to acquire the land by refinancing it, and also by surrendering their right and opportunity for that period to sell the land or refinance the indebtedness, and thus save a part of it for themselves.

She further alleged that Jones' failure to refinance, and Grimes' assumption in his deed, of the obligations as between him and Jones, constituted the payment of an additional valuable consideration, and a further additional consideration was paid by her in that, as executrix of her husband's estate and sole devisee under his will, she had carried out and discharged the obligation assumed in the escrow agreement to hold Jones free and clear of the indebtedness. She particularly alleged that before appellant's deed had been filed for record at 3 o'clock on December 14, 1934, she had acquired the legal and equitable title to the land by the delivery to her of two deeds of conveyance, one the escrow deed to W. D. Grimes, the other to herself directly, and the full and final payment of the stipulated consideration, and had thereby become a purchaser of the land for a valuable consideration and without notice of appellant's deed or adverse claim.

Defendant pleaded not guilty, and by cross-action sought to reform the deeds under which plaintiff claims, on allegations of mutual mistake and misrepresentations as to their content and effect. The affirmative claim he made was that they were to have been deeds not purporting to convey the property, but only Jones' right, title, and interest in it, thus excluding from the conveyance to Grimes the interest Jones had theretofore conveyed to defendant.

The cause was tried by the judge without a jury. He found for plaintiff throughout. Denying the reformation defendant's cross-action sought, he found plaintiff to be an innocent purchaser for value, and made findings of fact and conclusions of law, and entered judgment accordingly.

On the point of innocent purchaser for value, he found that appellant's deed was filed for record at 3 p. m. December 14, 1934; that on that day and before 1 p. m. Jones had executed his deed conveying the land in controversy and the oil, gas, and other minerals under it, and delivered it to Wilson, the attorney for the Bank which held the judgment against Grimes and Jones, and with whom Mrs. Grimes was making her arrangements, for releasing Jones, and renewing and extending the indebtedness as against her alone. At the same time Mrs. Grimes executed a deed of trust securing the renewal notes which she had agreed to execute, the Bank executed a release of Jones on the judgment and notes, and Jones and appellee executed a written receipt and release, acknowledging that he had been unable to refinance the ranch in accordance with the original escrow agreement, that she, as executrix of the estate of Grimes, deceased and individually, had refinanced the property so as to release Jones, and that "the obligation and undertaking to be performed on the part of Grimes in the escrow agreement had been fully met and performed." All of these papers were delivered to and left with Wilson, the attorney for the Bank, to be delivered by filing for record when appellee had complied with her undertaking to pay off and discharge $10,000 of notes, held by others than the Bank and known as the "Stolley" notes, the Bank being unwilling to release Jones and take the renewal notes of Mrs. Grimes until that had been done. The releases which appellee was to obtain on the "Stolley" notes had been actually executed on December 5, 1934, but they were not delivered and the indebtedness was not paid by appellee until December 17, 1934, because until then she had in the Bank only $7,000 of the amount necessary, and was waiting for the other $3,000 to come to her from Colorado.

On December 17 the notes were paid, and thereafter the releases, deeds, and papers were filed for record.

The trial court found that neither W. D. Grimes nor appellee, nor their attorney nor any one representing them, had ever

had notice, actual or constructive, of appellant's earlier deed until after December 18, and that they had acted in good faith in purchasing the land and closing the settlement. He found that the extension of time given in the escrow option agreement of November, 1933, the execution of the renewal notes in favor of the Bank, the release of Jones from liability thereon, and the payment of $10,000 to discharge the other notes constituted valuable consideration, and was actually paid before appellant's deed was filed. Appellant, appellee, and Jones all testified orally. Jones undertook, but was not permitted, to testify that Grimes knew, before any of the papers relied on were signed, because he had told him, that Jones had sold one half of his mineral interest.

There are forty-five assignments of error, thirty of them raising, according to appellant, twelve substantial questions which are made the subject of specifications in the brief. An examination of the specifications shows that they raise five main questions, the others being incidental to these five. They are: (1) Whether it was error to deny the relief asked by way of reformation; (2) whether the findings of fact are not on their face insufficiently complete to sustain the judgment, particularly whether they do not fail to find payment of a valuable consideration before the recording of appellant's deed; (3) whether the findings are generally so contradictory of themselves and of each other as not to support the judgment; (4) whether there was error in excluding the testimony of Jones that, before any of the instruments appellee relies on had been executed, he had advised Grimes of the sale of the mineral rights, the ground of exclusion being that article 3716, Revised Statutes, rendered it incompetent; and (5) whether the undisputed evidence showed that appellant's mineral deed was filed for recordation and recorded before appellee had received delivery of and had actually paid the consideration for the conveyance under which she claims.

The first three questions may be briefly disposed of by saying that there was no error in refusing relief by reformation, because the evidence did not show mutual mistake, that the findings of fact are not insufficient to support the judgment, and that there is no substantial conflict in them.

The fourth and fifth questions may not be so easily answered. Taking up first the question raised on the exclusion of Jones' testimony, we find appellee arguing that the record does not show that the testimony was in fact excluded; that it merely shows that it was taken subject to the objection and no more. We find her urging, too, that the ruling was not error because the suit was in fact, if not in form, brought by appellee as executrix and heir, and Jones, by reason of his liability on the warranties he had given in the deeds to appellant and to appellee, was within the statute a party. In the alternative, with apparent inconsistency, she insists that, if error, the ruling was harmless, for appellee really took her title direct by the December 14, 1934, deed from Jones, and not derivatively from her husband through the escrow agreement and deed of November, 1933, and the knowledge of her husband could therefore not affect her.

We think it quite clear, in fact, the record admits of no other conclusion than that appellant's offer to prove by Jones that Grimes had knowledge of the mineral deed was objected to, the objection sustained, and the evidence excluded from the record and from consideration by the judge. We think it equally plain that the ruling was error.

The suit was brought by appellee neither as executrix nor as heir, but in her individual right, as owner of a community interest and as sole devisee under the will of her husband. Besides, Jones was not a party to the suit for the land; he had no interest in it. Neither had he been vouched or summoned into the suit on his warranty. He was there as a witness only. The exclusionary statute appellee invoked, by its terms,[1] and as consistently construed by the Texas courts, had no proper application. King v. King's Unknown Heir (Tex.Com.App.) 34 S.W.(2d)

---

[1] "In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent." Article 3716, Rev.Stats. of Texas, 1925.

804; Cook v. Baker (Tex.Com.App.) 45 S.W.(2d) 161; Lassiter v. Bouche (Tex. Com.App.) 14 S.W.(2d) 808, 809; Mitchell v. Deane (Tex.Com.App.) 10 S.W.(2d) 717. It was prejudicial error because, though appellee had a deed made directly to her by Jones, the deed was made so, not to evidence a new and independent trade, but for appellee's convenience and that of the Bank. What was actually done in December, 1934, was to finally carry out and discharge the provisions of the November, 1933, escrow agreement she and Grimes had made with Jones. Appellee specially pleaded this. In the receipt and release agreement which she as executrix of Grimes' estate and individually made with Jones on December 14, 1934, this was definitely declared and agreed. In addition, in the court below she claimed, and obtained a finding, that Grimes fully paid the consideration for, and she obtained title under, the escrow deed of November, 1933. She makes the same claim here. Whether, then, her title be considered as having been vested in her by the escrow deed to Grimes, or by the deed directly to her, in either event it rests upon, it springs from, the November, 1933, agreement which Grimes, as manager of the community, made with Jones. His knowledge of the state of the title when the agreement was made binds her. She takes only such title as he would have taken, and subject to all of its infirmities, Allen v. Garrison, 92 Tex. 546, 50 S.W. 335; Cooper & Co. v. Sawyer, 31 Tex.Civ.App. 620, 73 S.W. 992; Carl v. Settegast (Tex.ComApp.) 237 S.W. 238; Turner v. Cochran, 94 Tex. 480, 61 S.W. 923; Speer Law of Marital Rights, 159 and 476, and evidence that he knew that Jones had conveyed away one-half his mineral interest is of prime materiality and importance. This ruling requires a reversal of the case, and makes it unnecessary to decide the fifth question, whether the undisputed evidence showed that appellant had filed his deed for record before appellee had received delivery of and had actually paid the consideration for the conveyance under which she claimed.

In view of another trial, however, we think it proper to say that, viewing the escrow agreement as a whole, in the light of the circumstances under which it was executed, with the indebtedness on which Jones and Grimes were jointly liable in default, and the Bank's part of it in judgment against them, and in the light of the particular construction the parties gave to it, it may not be said that by the mere signing of the option agreement Grimes paid the consideration for the purchase from Jones. The consideration each by the agreement bound himself to pay to the other in the event he became purchaser was the discharging of the other from the indebtedness, either by its payment or by obtaining the seller's release from liability thereon. It is not claimed that Grimes either paid the indebtedness or secured Jones' release from it. It is conceded that, before Mrs. Grimes actually paid the notes for $10,000 and before the Bank actually released Jones from his indebtedness, appellant's deed was filed for record, and appellee was charged with knowledge of it.

On another trial, in order to maintain her position as purchaser for value without notice of the mineral deed, she must be able to show that, before she had notice of it, actual or constructive, there was in law as between her and Jones a delivery of the deeds she claims under and payment of the purchase price. To avoid the effect of the recording of the mineral deed before the money had been actually paid over for the release of the "Stolley" notes, and manual delivery of them, and of the Bank's release of Jones, had been made, she must be able to show that she had so obligated herself to the holders of the "Stolley" notes and to the Bank, and they to her, that in law she could not escape the payment, and it would therefore be in effect as inequitable to permit the prior deed to prevail as it would be if she had, without notice of it, actually paid over the money for, and actually obtained, manual delivery of the releases. For in such a situation the consideration would be in equity as fully paid both as regards Jones' release from, and plaintiff's discharging and taking over, the obligations as if the money had been actually paid, and the releases manually delivered.

The principle upon which the doctrine of innocent purchaser for value rests, like equitable principles in general, is not a hard and fast rule of narrow application, but one to be liberally and equitably applied. Under it relief is denied to a purchaser without notice who has not paid value, on the ground that his equity arises, not out of his mere lack of notice, but out of injury to him, through an innocent change of position to his prejudice. It is therefore denied where the matter of the payment remains executory between pur-

chaser and seller, and there is no irrevocable change of position. It is granted where either the buyer has paid the purchase price or has entered with third persons into a binding obligation with regard to it, whether the obligation arises out of the execution or the assumption of negotiable promissory notes, or other form of undertaking which the buyer is able to perform, and from which he cannot in law withdraw. McAnally v. Panther (Tex.Civ.App.) 26 S.W.(2d) 478; Essex v. Mitchell (Tex.Civ.App.) 183 S.W. 399; Tobin v. Benson (Tex.Civ.App.) 152 S. W. 642; Sparks v. Taylor, 99 Tex. 411, 90 S.W. 485, 6 L.R.A.(N.S.) 381; Clemmons v. McDowell (Tex.Civ.App.) 5 S.W. (2d) 224.

For the error in excluding Jones' evidence, the judgment is reversed, and the cause is remanded for further proceedings not inconsistent herewith.

Reversed and remanded.