## BROWN v. MOLLÉ CO. et al.

District Court, S. D. New York.
June 16, 1937.

Berko, Korshin & Berko, of New York City, for plaintiff.

C. P. Goepel, of New York City, for defendant.

PATTERSON, District Judge.

The bill is for infringement of a copyrighted song. The Mollé Company, manufacturer of shaving cream, engaged Stack-Goble Advertising Agency, Inc., to put an advertising program on the radio. The Stack-Goble company hired Brown to "build" the show and to direct the program. It was felt that a "theme song" in praise of the product was needed, the song to be rendered at the opening and at the close of each performance. To serve the purpose, Brown concocted a jingle out of advertising slogans already in use by the Mollé Company. He took the well-known music of the West Point Caisson Song by E. L. Gruber and set these words to it:

"Mo-llé, Mo-llé,
The way to start your day,
As your razor goes sliding away,
Over cheek, over chin,
You don't have to rub it in,
As your razor goes sliding along.
Then it's sing, boys, sing,
Good-bye to pull and sting,
Your whisker troubles quickly
fade away.
You can shave close and clean
with this brushless shaving cream
So remember the name Mollé,
Mollé."

The first radio performance was given on September 25, 1933. Brown directed the performances, receiving a salary of $100 a week until the latter part of December, 1933, when he severed his connection wth Stack-Goble. The performances continued, song and all, without protest on his part. Trifling changes were made in the words of the song.

On April 30, 1934, Brown undertook to copyright the song. He sent to the Copyright Office a manuscript of the song, with the heading "Lyrics by Sedley Brown, Music by E. L. Gruber," and received a certificate of registration. The consent of Gruber to the use of his music was never obtained. In September, 1934, Brown gave notice of his copyright to the Mollé Company and to the broadcasting company, but the song was used for some months later. This suit was commenced in November, 1934.

The copyright manifestly covered no more than Brown's words. The music either was in the public domain or was the property of Gruber, who had never consented to Brown's use of it. As for the words, I am of opinion that while they were Brown's production, they belonged to Stack-Goble in trust for the Mollé Company.

██ Brown was employed to build and to direct the Mollé radio program. The "theme song" was regarded as an indispensable part of the program. The furnishing of the song was one of the things that Brown was to attend to, either by writing it himself or by procuring anoth-

er to write it. The song that was worked out had no general utility; it was a song peculiar to the Mollé Company. It is quite evident that Brown did not regard the song as his individual property at the outset, for he did not demand additional compensation for its use and he did not take out copyright until six months later. The case falls within the rule that where an employee creates something as part of his duties under his employment, the thing created is the property of the employer. Bleistein v. Donaldson Lithographing Co., 188 U.S. 239, 23 S.Ct. 298, 47 L.Ed. 460; United States Ozone Co. v. United States Ozone Co., 62 F.(2d) 881 (C.C.A.7).

The bill will be dismissed.