**TOBANI et al. v. CARL FISCHER, Inc.**
No. 363.

Circuit Court of Appeals, Second Circuit.
July 5, 1938.

58

Sydney Rosenthal, of Long Island City, N. Y. (Donald L. Brown and Roderick B. Jones, both of New York City, of counsel), for appellants.

Gilbert & Gilbert, of New York City (Francis Gilbert and Godfrey Cohen, both of New York City, of counsel), for appellee.

Hays, St. John, Abramson & Schulman, of New York City (John Schulman and Robert J. Burton, both of New York City, of counsel), for Song Writers Protective Ass'n, as amicus curiæ.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

Appellants are the children of Theodore M. Tobani, now dead. Tobani's wife predeceased him. In his lifetime Tobani was employed as an "arranger" by the appellee's predecessor, Carl Fischer. An "arranger" is one who adapts the score of a musical composition so that it may be performed or sung upon instruments or voices other than those for which the composition was originally designed. His employment required him to deliver to his employer all arrangements prepared by him.

Appellants claimed eight original compositions by Tobani; but they were produced during his employment and pursuant to the contract of hire. All the compositions sued on were merely arrangements by Tobani. Some compositions so arranged were the copyrighted property of appellee's predecessor but most were in the public domain. The various pieces were arranged for band, orchestra, flute and piano or other combinations of instruments.

In 1928, eleven years after his employment ceased, to settle a dispute as to appellee's claim of ownership of the copyright renewals with respect to the musical works prepared by Tobani, a contract was entered into adjusting this dispute. By this agreement, Tobani acknowledged that these works were prepared by him pursuant to and in furtherance of his employment and he conveyed to his employer all such works, the copyrights therein and the right to apply for renewals. Tobani was to receive $25 per week for life and at

his death his wife was to get $5,000 for her rights.

After his death Joseph Tobani caused renewals to be registered in his own name and as such registrant brought this suit along with the other children for copyright infringement because of a sale on June 14, 1934, of a copy of the orchestral arrangement of "La Balladora" and also two copies of the piano arrangement of the same composition. The original copyright of the orchestral arrangement expired May 3, 1934 and the piano arrangement May 31, 1934. The last printing of the piano version was in December, 1906 and the orchestral version December, 1920. The copies sold and those on hand were all concededly printed by the appellee and lawfully in its possession prior to the expiration of the original term of copyright.

Under § 24 of the Copyright Act of 1909 (17 U.S.C.A. § 24) the right to renew a copyright accrues and can be exercised only during the one year period "prior to the expiration of the existing term."

Although the contract of 1928 purported to assign to appellee all rights of renewal, it is not necessary for us to decide whether it was effective to accomplish that purpose.

█ The renewals in suit were taken out by the son, Joseph Tobani, in 1934 after his father's death, but he holds them for the benefit of Tobani's living children who. are, therefore, proper parties to this suit. Silverman v. Sunrise Pictures Corp., 2 Cir., 273 F. 909, 19 A.L.R. 289.

The court below held that the appellee was entitled to renewals under § 24 and ordered appellants to turn the renewal registrations over to it. The primary issue on this appeal is who was entitled to the renewals.

Sections 23 and 24 of the Act of 1909, 17 U.S.C.A. §§ 23, 24, both deal with the right to renew. Section 23, however, applies only to copyrights taken out under that act, while § 24 applies to those originally obtained under the prior statute. Since all these renewals were for copyrights taken out prior to the Act of 1909, § 24 rather than § 23 is controlling. Section 24 provides: "That the copyright subsisting in any work at the time when this Act goes into effect may, at the expiration of the term provided for under existing law, be renewed and extended by the author of such work if still living, or

the widow, widower, or children of the author, if the author be not living, or if such author, widow, widower, or children be not living, then by the author's executors, or in the absence of a will, his next of kin, for a further period such that the entire term shall be equal to that secured by this Act, including the renewal period: Provided, However, That if the work be a composite work upon which copyright was originally secured by the proprietor thereof, then such proprietor shall be entitled to the privilege of renewal and extension granted under this section: Provided, That application for such renewal and extension shall be made to the copyright office and duly registered therein within one year prior to the expiration of the existing term."

█ Appellants contend that Sections 24 and 62, 17 U.S.C.A. §§ 24, 62, should not be read together. Under § 62 it is provided that "in the interpretation and construction of this Act [title] * * * the word 'author' shall include an employer in the case of works made for hire". Under § 24 right to renew is given to the "author". To avoid the effect of these provisions, the appellants argue that Tobani was not an employee for hire as those words are used in § 62. But there is no sound basis for such an argument, particularly in view of the contract of 1928 which recognized Tobani as an employee of the appellee. Tobani was paid a weekly salary for his work. The general type of composition he turned out was specified by appellee. In these circumstances, appellee was an employer for hire and an "author" by virtue of § 62. Tobani was employed to furnish certain compositions, was paid therefor and the work became the property of his employer. Bleistein v. Donaldson Lithographing Co., 188 U.S. 239, 23 S.Ct. 298, 47 L.Ed. 460; Solomons v. United States, 137 U.S. 342, 11 S.Ct. 88, 34 L.Ed. 667; U. S. Ozone Co. v. U. S. Ozone Co., 7 Cir., 62 F.2d 881; Brown v. Mollé Co., D. C., 20 F.Supp. 135.

The courts have held with respect to original copyright that an employer may be deemed the author by virtue of § 62. Yale University Press v. Row, Peterson & Co., D.C.S.D.N.Y., 40 F.2d 290; National Cloak & Suit Co. v. Kaufman, C.C., 189 F. 215.

Appellants point out that § 23 of the Copyright Act specifically mentions an employer for hire as amongst those enti-

tled to renew under that section and contend that the failure of § 24 to do so indicates that renewal rights were not intended to be given an employer for hire under § 24. Appellants say that the difference in wording of the two successive sections of the statute cannot be overcome and set at naught by the general provision contained in § 62. The argument that § 24 cannot be the basis upon which to grant a right of renewal to an employer for hire makes ineffectual the mandate of § 62 which clearly provides that it is applicable to the entire act. In the face of this clear provision, it cannot be argued that an employee for hire is an author under some provisions of the act while not under others.

The statute (§ 24) clearly provides that an additional term will vest in the author if he is living but he may divest himself of the right thus reserved for him by parting absolutely with his entire interest in a work or by an agreement to convey the copyright for the additional term when it shall be secure. In the former instance, he has no interest in the work, and cannot rightly claim an additional privilege granted by the statute. In the latter case, he is bound by his agreement to transfer to another the right when it shall accrue to him. The author here parted with his absolute property in the work and could not himself, if living, secure a renewal of the copyright. Tobani received his compensation for preparing the work and it was of little importance to him whether or not it was published. The employer could have published these works or withheld their publication; he could have published them, with claim of copyright, and thus obtained a 28 year period of monopoly or he could have published them without claim of copyright and thus dedicated them to the unrestricted use of the public.

In Paige v. Banks, 13 Wall. 608, 80 U.S. 608, 20 L.Ed. 709, a leading case on copyrights, Page agreed to furnish the manuscripts and headnotes of court proceedings to Banks for publication in return for stipulated sums. The original copyrights were taken out by Banks but renewals were taken out by both Page and Banks under the Act of 1831, 4 Stat. 436. The court held that the plaintiff could not enjoin Banks from publishing the works under the renewal copyright of the latter.

The decree directs the appellees to "transfer, set over and assign unto the defendant the renewal copyright of each and every of the musical works referred to in the complaint."

Appellants, we have said, had no right to a renewal of the copyrights sued upon and appellants' renewal registrations are void. It does not follow, however, that appellee can cure its failure to renew by compelling appellants to convey their registrations. There should be no direction to assign them to appellee and the order was improper in so decreeing.

The decree will be modified by striking out the direction to assign the renewals to appellee; otherwise it is affirmed.

Decree modified.