**SHAPIRO, BERNSTEIN & CO., Inc., v. BRYAN et al.**

District Court, S. D. New York.
March 20, 1939.

House, Crossman, Vorhaus & Hemley, of New York City (Joseph Fischer, Alfred Beekman, and Leo J. Rosett, all of New York City, of counsel), for plaintiff.

Hays, St. John, Abramson & Schulman, of New York City (John Schulman and Robert J. Burton, both of New York City, of counsel), for defendant Alfred Bryan.

Austin C. Keough, of New York City (Irving Cohen, of New York City, of counsel), for defendant Famous Music Corporation.

Benjamin Starr, of New York City, for defendants Fred Fisher and Fred Fisher Music Co. Inc.

COXE, District Judge.

This is a motion under Rule 12(b), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to dismiss the complaint for failure to state a claim upon which relief can be granted.

The suit is for alleged infringement of a renewal copyright of a song entitled "Come Josephine In My Flying Machine" (hereinafter referred to as "Come Josephine").

The following facts are deemed admitted for the purposes of the motion: In and prior to 1910, the defendants Bryan and Fisher were employed by Maurice Shapiro, a music publisher, under written contracts, to write songs. These two defendants wrote the song "Come Josephine" while so employed, and the original copyright therefor was secured by Shapiro on Oct. 18, 1910. Shapiro died in 1911, leaving a widow, Fanny Shapiro, who became the executrix of his will. The Shapiro business, including the copyright of the song "Come Josephine", was thereafter sold by the executrix, and after various mesne assignments, passed on March 20, 1913, to the plaintiff. On Oct. 19, 1937, the plaintiff, claiming as proprietor in a work made for hire, obtained renewal registration of the copyright, and now seeks to restrain the defendants from threatened infringement.

The sole question for decision is whether the plaintiff as assignee of the original copyright was entitled to the renewal registration under Section 23 of the Copyright Act, U.S.C. Title 17, § 23, 17 U.S.C.A. § 23. It is not disputed that Maurice Shapiro was an employer in a case of a work made for hire, and, therefore, entitled to the original copyright. No question is raised, either, regarding the plaintiff's title to the original copyright.

Section 23 of the Copyright Act applies to renewals of copyrights originally secured after July 1, 1909. This section specifies the particular cases in which renewals may be obtained by the "proprietor". It then provides that in all other cases renewals must be procured by the author, if living, or if dead, by the widow, widower or children, or if they be dead, by the author's executors if there be a will, or if not by his next of kin. The portion of the section relating to renewals by the "proprietor" reads as follows: "Provided, That in the case of any posthumous work, or of any periodical, cyclopedic, or other composite work upon which the copyright was originally secured by the proprietor thereof, or of any work copyrighted by a corporate body (otherwise than as an assignee or licensee of the individual author) or by an employer for whom such work is made for hire, the proprietor of such copyright shall be entitled to a renewal and extension of the copyright in such work for the further term of twenty-eight years when application for such renewal and extension shall have been made to the copyright office and duly registered therein within one year prior to the expiration of the original term of copyright."

Copyright is wholly statutory. Bobbs-Merrill Co. v. Straus, 210 U.S. 339, 28 S.Ct. 722, 52 L.Ed. 1086. The only persons, therefore, who may obtain renewals are the ones specified in the statute. White-Smith Music Pub. Co. v. Goff, 1 Cir., 187 F. 247; Silverman v. Sunrise Pictures Corporation, 2 Cir., 273 F. 909, 19 A.L.R. 289; Fox Film Corp. v. Knowles, 261 U.S. 326, 43 S.Ct. 365, 67 L.Ed. 680.

It is generally recognized, also, that the right of renewal is a new grant and not in reality an extension of the original term. White-Smith Pub. Co. v. Goff, supra; Silverman v. Sunrise Pictures Corporation, supra.

Section 23 provides that in the case of "any work copyrighted * * * by an employer for whom such work is made for hire, the proprietor of such copyright" shall be entitled to the renewal. I think the words "proprietor of such copyright" in this connection plainly mean the proprietor at the time of renewal, and not at the time of the original copyright.

The main purpose of the section was to protect the interest of the author where he had any interest. White-Smith Music Pub. Co. v. Goff, supra; 28 Op.Attys. Gen. 162. The cases in which the proprietor was given the right of renewal were, therefore, limited; with some of them there were even qualifications in favor of the author. Thus, in the case of a periodical, cyclopedic or composite work, there was a requirement that the copyright be originally secured by the proprietor; there was also a provision excluding a separately registered contribution. Similarly, with a work copyrighted by a corporation, there was an exception where the corporation was the assignee or licensee of the author. These were all qualifications designed to benefit the author. But with an employer for whom a work had been made for hire, the author had parted with his entire property in the work, and had no interest left to protect. Tobani v. Carl Fischer, Inc., 2 Cir., 98 F.2d 57. There was no reason, therefore, to consider him in connection with a renewal.

The defendants argue that if it had been intended to give the right of renewal to an assignee of an employer, the statute would have said so. They point to Section 8, 17 U.S.C.A. § 8, in support of their argument. This section reads: "The author or proprietor of any work made the subject of copyright by this title, or his executors, administrators, or assigns, shall have copyright for such work * * *".

The situation with respect to an original copyright is, however, quite different from that of a renewal. Here, the question is not whether an assignee is entitled to renewal but what is meant by the words "proprietor of such copyright". The original copyright is property capable of transfer, and I can see no reason to construe the language so as to cut off the right of renewal when a transfer takes place. If the argument of the defendants is sound, the renewal right in the case of an individual employer is completely extinguished by death. This, clearly, gives a corporate employer a considerable advantage over an individual employer, which, I do not believe, was intended. I do not think, either, that there is an analogy to the contingent rights of renewal given to authors. These are generally recognized as incapable of assignment because of their contingent character. Weil on Copyright, p. 365. But even Weil seems to be of the opinion that the rights of renewal reserved to proprietors under Section 23 are assignable along with the copyright itself.

The motion of the defendants to dismiss the complaint, is, therefore, denied.