## SHAPIRO, BERNSTEIN & CO., Inc., v. BRYAN et al.

District Court, S. D. New York.

Dec. 16, 1940.

House, Grossman, Vorhaus & Hemley, of New York City (Leo J. Rosett, of New York City, of counsel), for plaintiff.

Hays, St. John, Abramson & Schulman, of New York City, for defendants Alfred Bryan, Fred Fisher, and Fred Fisher Music Co., Inc.

Austin Keough, of New York City, for defendant Famous Music Corporation.

John Schulman, Irving Cohen, and Robert J. Burton, all of New York City, of counsel, for defendants.

MOSCOWITZ, District Judge.

The defendants, Alfred Bryan and Fred Fisher, wrote a song entitled "Come Josephine In My Flying Machine" while they were in the employ of Maurice Shapiro, music publisher. On October 18, 1910, Maurice Shapiro obtained the original copyright on this song in his own name, at which time Fisher and Bryan were in his employ. Maurice Shapiro died on June 1, 1911. The plaintiff's chain of title from Maurice Shapiro is not in dispute. On October 19, 1937, plaintiff obtained the renewal copyright as "Proprietor of copyright in a work made for hire".

Maurice Shapiro employed Fisher pursuant to the terms of the contract made on August 25, 1909, his employment thereafter terminated, to wit, February 7, 1911. On September 10, 1910, Bryan started to work for Maurice Shapiro, his contract was renewed on February 8, 1911, and it was terminated on February 28, 1911. Both Fisher and Bryan wrote many songs together. Both of them were employed by Maurice Shapiro under contracts which provided that any songs written by them were to be the property of Maurice Shapiro.

It is the claim of the defendants that the song was written in the spring of 1909 at which time they were not employed by Mau-

rice Shapiro. The credible evidence is convincing that the song was written while defendants Fisher and Bryan were employed by Maurice Shapiro in the fall of 1910, therefore the song is the property of Samuel Bernstein.

It is the law of the case, as decided by Judge Coxe, 27 F.Supp. 11, 13, upon the motion to dismiss the bill of complaint that, "the words 'proprietor of such copyright' [under Sec. 23 of the Copyright Law, 17 U.S.C.A. § 23] plainly mean the proprietor at the time of renewal, and not at the time of the original copyright", and further, that "with an employer for whom a work had been made for hire, the author had parted with his entire property in the work, and had no interest left to protect".

The right of renewal in a work made for hire is not given to the author, nor to the employer as author, but to the proprietor. See Section 23 of the Copyright Law. The proprietor was the plaintiff who properly obtained the renewal copyright on October 19, 1937.

The plaintiff has satisfactorily established that it is entitled to a judgment as prayed for in the complaint.

Settle findings and decree on notice.