Benjamin Starr, of New York City, for plaintiff.

Julian T. Abeles and Leopold Bleich, both of New York City, for defendant.

## FRED FISHER MUSIC CO., Inc., v. LEO FEIST, Inc., et al.

District Court, S. D. New York.

March 31, 1944.

BONDY, District Judge.

This is an action for a declaratory judgment determining whether the plaintiff or the defendant Leo Feist, Inc., is entitled to the renewal of the copyrights of the music of the song "Peg O' My Heart". The music was composed by Fred Fisher; the lyrics were written by Alfred Bryan. The action against Famous Music Corporation, the assignee of Bryan, from which no relief is sought, has been discontinued.

The plaintiff contends that it is entitled to the renewal rights because Fisher, plaintiff's assignor, had the right to them as author. The defendant contends that it is entitled to the renewal rights because the composition was a work written by Fisher as its employee for hire.

On June 3, 1912, Fisher wrote to Leo Feist: "I hereby agree to and do enter

your employ, and agree to write songs exclusively for you until such time as either of us shall, by a previous two weeks' notice in writing given to the other, terminate this agreement.

"I shall furnish you with as many songs as I possibly can before July 15, 1912.

"You agree to pay me as advance royalty on the songs which I may deliver to you under this agreement, the sum of Fifty dollars per week to and including June 30, 1912, and Thirty dollars per week beginning July 1, 1912, for the remainder of the term of this agreement, which sums so paid shall be deducted from the first royalties accruing to me hereunder.

"Upon delivery of each song to you, I shall execute an agreement in the form of the regular Feist contract, which is used for my song entitled 'When I Get You Alone To-Night', a copy of which is hereto attached.

"I further agree that, beginning with July 1, 1912, I will go on your regular professional staff, and give my attention to the proper placing and proselyting of such songs as may be selected by the head of your professional department, subject to your O.K.; and for such services, you agree to pay me Twenty dollars per week salary, which is not to be deducted from my earned royalties.

"If the above is satisfactory to you, kindly endorse your acceptance hereon, and return to me."

On June 22, 1912, Leo Feist caused Leo Feist, Inc., to be incorporated in order to acquire and succeed to his music publishing business and he thereafter assigned to it all its assets.

On March 15, 1913 the defendant Leo Feist, Inc., copyrighted the musical composition. Within one year prior to the expiration of the copyright, the defendant corporation, claiming to be the proprietor of the copyright in the work made for hire, as well as Fred Fisher, as author of the music, both applied for and received certificates of registration of the renewal of the copyright and Fisher assigned his renewal rights to the plaintiff.

■ The plaintiff's contention that the defendant cannot avail itself of the contract made by Fisher with Leo Feist personally, because the defendant corporation was not a party thereto or because it was not assignable in view of the fact that it

provided for the unique personal service of Fisher cannot be sustained. The evidence discloses that Fisher continued to work for the defendant corporation on the terms provided for in the contract, that he wrote songs for and accepted the royalties and salary from the defendant. In an assignment to his wife of which he gave notice to the defendant corporation, dated March 31, 1915, he assigned all royalty interests to which he may be entitled from "Leo Feist, Inc." including the weekly drawings of $50 from said "Leo Feist, Inc." and all moneys owing to him "under my arrangement with said company." April 23, 1915 Fisher wrote to "Leo Feist, Inc.", "Kindly release me from my two weeks' contract with the house of Leo Feist, Inc. as I intend to place some songs with other firms." These facts constitute an acquiescence and ratification of the assignment of the rights of Leo Feist to the defendant corporation.

■ The contract between Leo Feist and Fred Fisher, under which Fisher continued to work for the defendant, created the relationship of employer and employee between them. Fisher thereby agreed to write songs for Feist for which agreement Feist promised to pay him a regular weekly salary, the advances on account of royalties to be earned not constituting a loan. See Northwestern Mut. Life Ins. Co. v. Mooney, 108 N.Y. 118, 15 N.E. 303; Socony-Vacuum Oil Co., Inc., v. Johnston & Sons Sand & Gravel Co., 8 Cir., 103 F.2d 275, 278; Kane v. Auto Laks Mfg. Co., App.Term., 172 N.Y.S. 275. It cannot be assumed that it was understood or intended that these payments should be made, whether or not Fisher complied with his agreement to write songs for Feist. In Shapiro, Bernstein & Co., Inc., v. Bryan, 2 Cir., 123 F.2d 697, the court considered a contract made by Fisher on substantially the same terms as are contained in the contract under consideration. The court held that the song therein involved was a work made for hire by an employee in the regular course of his employment.

■ Fisher actually worked for the defendant corporation as employee for hire and the defendant, as employer, alone is entitled to the renewal rights whether or not the written contract was assignable or actually assigned. Shapiro, Bernstein & Co. v. Bryan, supra; Tobani v. Carl Fischer, Inc., 2 Cir., 98 F.2d 57, 59, cer-

tiorari denied 305 U.S. 650, 59 S.Ct. 243, 83 L.Ed. 420; United States Ozone Co. v. United States Ozone Co. of America, 7 Cir., 62 F.2d 881, 887.

Defendant, Leo Feist, Inc., accordingly, is entitled to judgment dismissing the complaint as against it.