**RYTVOC, INC., Plaintiff,**

v.

**ROBBINS MUSIC CORPORATION, and American Society of Authors, Composers and Publishers, Defendants.**

**No. 66 Civ. 422.**

United States District Court
S. D. New York.

Nov. 27, 1967.

Eastman & Eastman, New York City, for plaintiff; John L. Eastman, New York City, of counsel.

Abeles & Clark, New York City, for defendant, Robbins Music Corp.; Julian T. Abeles, Robert C. Osterberg, New York City, of counsel.

## MEMORANDUM

FREDERICK van PELT BRYAN, District Judge:

Action for damages for copyright infringement and for a judgment declaring plaintiff to be the owner of renewal copyrights in six songs composed or arranged by James R. Mundy. Jurisdiction is alleged under 28 U.S.C. § 1338(a). Plaintiff has moved for summary judgment.

The complaint alleges that Mundy is the composer or arranger of six songs.[1] He assigned his interest in these works to defendant Robbins Music in 1936 and 1937. Robbins subsequently registered the works and obtained original term copyrights. On May 18, 1958, Mundy entered into an agreement with plaintiff by which Mundy, his wife and child transferred and sold their renewal interest in all of Mundy's works, with certain exceptions not relevant here. The agreement specifically named three songs only one of which, "Swing Time in the Rockies," is in suit in the case at bar, but it purported to include the renewal right to all the Mundy songs with the exceptions noted. As consideration, plaintiff agreed to pay $2,500 in five annual $500 instalments plus specified royalties. A short form assignment pursuant to this agreement was filed and recorded in the Copyright Office on May 21, 1959.

Plaintiff's motion for summary judgment is based on its recorded assignment from Mundy.

Defendant contends that summary judgment may not be granted since there are triable issues of fact as to whether plaintiff is entitled to renewal rights in the six works in suit. Among other things, defendant challenges the validity of the assignment of renewal rights to plaintiff and claims the renewal rights on some of the works in suit for itself.

It is plain that there are issues of fact in this case which cannot be resolved on the very sketchy papers before me and which require a trial.

1. In 1964 defendant obtained the renewal copyrights to "Swing Low Sweet Chariot" and "When You and I Were Young Maggie" as the "proprietor of copyright in a work made for hire by James Mundy Author of Arrangement."[2]

---

1. The first claim for relief asserts that Mundy was the exclusive composer or arranger of "Jam Session," "Goodman Swing," "Swing Low Sweet Chariot," and "When You and I Were Young Maggie." The second claim alleges that Mundy was the co-author, with Benny Goodman, of two other works, "Swing Time in the Rockies" and "House Hop."

2. Defendant claims that "Goodman Swing" was never publised, and that it is the same as "Swing Time in the Rockies." Defendant also claims that Mundy is only the co-author of "Jam Session."

2. Defendant Robbins acquired its proprietary interest in these copyrights and renewals by assignment from Goodman, who was Mundy's employer.

Additionally, defendant claims by assignment from Goodman a proprietary interest in two other works,[3] alleging that they were written for hire by Mundy in the course of his employment by Goodman.

■■ It is settled law that the proprietor of a work composed for hire, and not the author, is entitled to the renewal copyright. E. g., Shapiro, Bernstein & Co. v. Bryan, 123 F.2d 697 (2d Cir. 1941); Tobani v. Carl Fischer, Inc., 98 F.2d 57 (2d Cir. 1938). Whether works were composed in the course of employment involves inquiry into the nature of the relationship between the author and his employer including the extent of the employer's right to exert supervision and control over the composer's efforts. See Donaldson Publishing Co. v. Bregman, Vocco & Conn, Inc., 375 F.2d 639 (2d Cir. 1967); Nimmer, Copyright § 62.31 (1964). There are plainly issues of fact as to whether Mundy composed these songs as works for hire in the course of the Goodman employment.

2. Plaintiff claims that Mundy is the sole author of the words and music of "Jam Session." Defendant has submitted a copy of an agreement dated March 6, 1937, in which Mundy assigned his copyright interest in "Jam Session" as "co-writer" to Robbins. In order to obtain the broad relief sought in the first claim with respect to "Jam Session," plaintiff must show that he is the sole owner of the renewal copyright. Such a showing has not been made on this motion.

3. Defendant claims that it acquired Mundy's renewal interests in three of the songs[4] by assignment in 1936 and 1937. These assignments were not recorded until 1963 and 1964. Plaintiff urges that its 1958 recorded assignment from Mundy takes precedence over defendant's unrecorded assignments, since § 30 of the Copyright Act, 17 U.S.C. § 30, provides that an unrecorded assignment is invalid against a subsequent purchaser without notice and for value. See Edward B. Marks Music Corp. v. Charles K. Harris Music Publishing Co., 255 F.2d 518 (2d Cir. 1958); Venus Music Corp. v. Mills Music, Inc., 261 F.2d 577 (2d Cir. 1958). In its third affirmative defense, however, defendant has attacked the validity of the 1958 assignment to plaintiff by alleging that plaintiff had notice of Mundy's prior assignment to defendant. If this allegation is sustained at trial, it may provide a complete defense to plaintiff's claims. See Edward B. Marks Music Corp. v. Charles K. Harris Music Publishing Co., supra 255 F.2d at 521. The recital by Mundy in the 1958 agreement warranting his right to assign the renewal copyrights is plainly not dispositive of this issue.

The motion for summary judgment is in all respects denied.

It is so ordered.

---

3. "Swing Time in the Rockies," and "Goodman Swing."

4. "Jam Session," "Goodman Swing," and "House Hop."