### WHITE-SMITH MUSIC PUB. CO. v. GOFF et al.

(Circuit Court, D. Rhode Island. August 5, 1910.)

No. 2,741.

COPYRIGHTS (§ 33\*)—RENEWALS—RIGHTS OF PROPRIETOR.

Act Cong. March 4, 1909, c. 320, § 8, 35 Stat. 1077 (U. S. Comp. St. Supp. 1909, p. 1292), provides that the author or proprietor of any work made the subject of copyright by the act, or his executors, administrators, or assigns, shall have copyright for such work under the conditions and for the terms specified in the act. Section 24 provides that the copyright subsisting in any work when the act goes into effect may at the expiration of the term provided for under existing law be renewed by the author, if still living, or the widow, widower, or children of the author, if the author be not living, or if such author, widow, widower, or children be not living, then by the author's executors, or in the absence

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of a will his next of kin.  *Held*, that the proprietor and assignee of the author of a copyrighted musical composition is not entitled to renewal of the original term of his copyright by force of section 8.

[Ed. Note.—For other cases, see Copyrights, Dec. Dig. § 33.*]

In Equity.  Bill by the White-Smith Music Publishing Company against Ira N. Goff and others.  On demurrer to bill. Sustained.

Browne & Woodworth and Alex. P. Browne, for complainant.

Horatio E. Bellows, for respondents.

BROWN, District Judge.  The complainant charges that the defendants have violated its copyright in a musical composition entitled: "Sparkling Waves, Original Theme with Variations, by E. H. Bailey."

For the purposes of demurrer it may be assumed that the complainant corporation as proprietor became the owner of a valid copyright in this musical composition for the original term of 28 years, expiring July 21, 1909.  Just prior to the expiration of the original term, upon July 14, 1909, the complainant, as assignee of the author, sought to extend the copyright for a further or renewal term of 28 years.  The register of copyrights refused registration for a renewal or extension of copyright, under section 24 of the new copyright law (Act March 4, 1909, c. 320, 35 Stat. 1080 [U. S. Comp. St. 1909, p. 1296]), on the ground that it could be made only in the name of one of the designated beneficiaries, and not in the name of an assignee.

To support the proposition that as proprietor the complainant has a right of renewal the complainant cites the following portions of "an act to amend and consolidate the acts respecting copyright," passed March 4, 1909:

"Sec. 8. That the author or proprietor of any work made the subject of copyright by this act, or his executors, administrators, or assigns, shall have copyright for such work, under the conditions and for the terms specified in this act.  *  *  *

"Sec. 24. That the copyright subsisting in any work at the time when this act goes into effect may, at the expiration of the term provided for under existing law, be renewed and extended by the author of such work if still living, or the widow, widower, or children of the author, if the author be not living, or if such author, widow, widower, or children be not living, then by the author's executors, or in the absence of a will, his next of kin, for a further period such that the entire term shall be equal to that secured by this act, including the renewal period:  Provided, however, that if the work be a composite work upon which copyright was originally secured by the proprietor thereof, then such proprietor shall be entitled to the privilege of renewal and extension granted under this section:  Provided, that application for such renewal and extension shall be made to the copyright office and duly registered therein within one year prior to the expiration of the existing term."

The complainant contends that, in order to carry out the provisions of section 8, a general power of renewal by a proprietor must necessarily be read into section 24; also that the use, in section 8, of the expression "for the terms," indicates that both author and

proprietor are to be entitled to an extended term, as well as an orig-inal term. Such a construction of the act is by no means necessary, since author or proprietor are to have copyright under the conditions specified in the act. The intent of Congress to distinguish between the renewal right of a proprietor and of an author is evident, both from section 23 and from section 24.

The right of an assignee to a renewal can hardly be greater than the right of an author. The right of renewal secured to an author, both under section 23 and under section 24, is conditional upon his survival. Upon his decease. the right of renewal does not follow the author's estate, but is given to the widow, widower, or children of the author, or if they be not living then to his executors, or in the absence of a will to his next of kin. The statute is peculiar, in that it does not provide that in case of the decease of the author the renewal right shall follow the ordinary rules of law in case of testacy or intestacy, but designates beneficiaries who take the right directly from. the statute. It is to be noticed that both in section 23 and section 24 the author's administrators are excluded.

According to the complainant's contention the assignee of an author would have a right of renewal, even if the author had deceased, although the author's right of renewal was conditional upon his survival, and did not pass to his estate, but directly to widow or children by operation of the statute. The bill does not allege whether or not the author survived, so as to have a right of renewal under the statute. If the complainant relies upon rights coming to him through assignment, it seems essential that the bill should state that at some time a vested right of renewal was in the assignor.

Upon a consideration of the entire act due effect can be given to section 8 as applicable primarily to original copyrights, wherein the author and proprietor stand upon equal footing, and secondarily to renewals under the conditions subsequently set forth, wherein author and proprietor do not stand on similar footing. As the statute both in sections 23 and 24 deals specifically with the question of renewal by a proprietor, and grants the right of renewal to a proprietor only in connection with specific kinds of works, an attempt to read into section 24 an implication that the proprietor shall also have a general right of renewal, additional to that specifically provided, would throw the act into inconsistency and confusion. The provisos of both sections 23 and 24 would be hard to explain upon the complainant's theory that it was intended that a proprietor should have a general right of renewal in all classes of works after the expiration of the original term.

It. is unnecessary for the purposes of this case to decide whether under section 24 an author if living, or if not living any of the other designated persons, can be entitled to an extended term, during which they may prevent a proprietor who has enjoyed an original term in his own name from continuing publication.

Ordinarily, when an author sells his manuscript outright for a fixed sum, it would be understood that the purchaser had a right to publish, and either. to secure a copyright or not, as he saw fit. By

electing not to secure a copyright, and by publishing without notice of copyright, he would deprive the author of no property right. It is difficult to say upon what principle the exercise of his rights as a proprietor to secure copyright for himself for the original period of 28 years should give to the author or his widow or children the right to exclude the proprietor after the 28th year from the right to publish which he acquired by the purchase of the manuscript.

By section 2 the rights of the author or proprietor of an unpublished work are preserved. If the purchaser of an unpublished work has the right of publication, with or without copyright, it is difficult to see upon what principle that right can be lessened or reduced to a limited term by his registration of a copyright as proprietor for his own exclusive benefit. In Paige v. Banks, 13 Wall. 608–615, 20 L. Ed. 709, it was said:

"As between the parties to the agreement the absolute interest was conveyed by the stipulation of Paige that he would furnish the manuscript for publication. Paige could no longer do any act after such delivery for publication inconsistent with the absolute ownership of the publishers."

A construction of the copyright law which gives to an author or to members of his family or others a right to an independent term of copyright succeeding, and inconsistent with, a proprietor's right to continue publication, is full of difficulty. It may be well to remember that the copyright law does not grant the original right of publication, but only serves to make exclusive rights which previously existed. In this respect it is similar to the patent right. Paper Bag Patents Case, 210 U. S. 424, 425, 28 Sup. Ct. 748, 52 L. Ed. 1122; U. S. v. Bell Telephone Co., 167 U. S. 224–249, 17 Sup. Ct. 809, 42 L. Ed. 144; Bloomer v. McQuewan, 14 How. 539–549, 14 L. Ed. 532; Blount Mfg. Co. v. Yale & Towne Mfg. Co. (C. C.) 166 Fed. 555. Although a patent contains terms which imply a grant to make, use, and vend, the right of an inventor to make, use, and vend his invention is not granted, but only made exclusive, by the patent.

The author of an unpublished book or musical composition, by virtue of his proprietary right, may assign his property and confer his rights upon another. If he has done so, then a statute, subsequently passed, which should create in the author, the assignor, or in any third person, a right which would destroy the previously conveyed right of publication, would be open to serious doubts of constitutionality. The copyright statute is concerned, not with the creation of original rights of publication, but with making exclusive rights originating in the familiar principles of private property.

Section 24 provides that the "copyright subsisting in any work may be renewed and extended." If the proprietor's term expires in 28 years, and a new term of 28 years is granted to a third person, to the exclusion of the proprietor, it is an unusual use of language to call this the renewal or extension of the copyright subsisting. A copyright implies a person in whom the right resides, and the act apparently contemplates continued protection of an existing right, rather than the creation of a new and inconsistent right, springing into effect 28 years after the original registration.

But, even should we assume that, upon a proper construction of the statute, such right to a new and inconsistent term exists, this would not extend the right of the proprietor, since, whatever may be the renewal rights of others, the statute grants only limited rights of renewal to a proprietor. Whether, upon the expiration of the proprietor's original term, the work becomes free to the public, so that the proprietor has no longer an exclusive right under the statute, but still a right in common with the public, or whether, at the conclusion of the proprietor's original term, a new term may arise which is inconsistent with the further right of a proprietor, is immaterial to a decision upon this demurrer.

Whatever view may be taken of the statute, I am of the opinion that it fails to support the complainant's main proposition that upon the expiration of his original term a proprietor merely by force of section 8 is entitled to a renewal thereof, for a further period of 28 years.

As the bill fails to allege any copyright in the complainant at the time of the defendants' acts, the demurrer must be sustained.