FOX FILM CORPORATION *v.* KNOWLES ET AL.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

Nos. 310, 311. Argued February 27, 1923.—Decided March 12, 1923.

1. Under § 24 of the Copyright Act of 1909, which allows renewals of copyrights subsisting when it went into effect with the proviso that application shall be made and registered within the period of one year prior to expiration of the existing term, an author's executor may renew, within that year, although the author died before its commencement, so that the right to file application did not accrue in his lifetime. P. 328.

2. The statute intends that an executor, there being no widow, widower or child, shall have the same right as his testator might have exercised had he continued to survive. P. 329.

3. It is no novelty for an executor to be given rights by statute which his testator could not have exercised while he lived. P. 330.

279 Fed. 1018, reversed.

CERTIORARI to decrees of the Circuit Court of Appeals affirming the District Court in dismissing bills brought by the petitioner, as assignee of copyright privileges, to restrain infringements and for accounting and damages.

*Mr. Alfred A. Wheat,* with whom *Mr. Saul E. Rogers* and *Mr. Wm. J. Hughes* were on the brief, for petitioner.

*Mr. Louis R. Bick,* with whom *Mr. Fred Francis Weiss* was on the brief, for respondents.

The copyright statute was enacted to enable an author, or those who may be dependent upon him, to reap the value of his work, but only under certain circumstances. Under the section as it now reads, neither the author nor his assignee possesses any right or power that may be transferred to run beyond a period of 28 years. When the renewal of the copyright is sought, a new property right is created, not in any way dependent upon the previous benefits of the original copyright. This new property right, however, does not come into being until the beginning of the last year of the original copyright. Not until then has the author any estate or right.

Petitioner argues that, if our construction of the statute is correct, Congress would not have inserted the word " executor " in this section, unless it was intended that the author should have the right to bequeath the renewal right in advance of its accrual. But Congress, we believe, appreciated that an occasion might arise where the author might die within the last year of the copyright without having applied for a renewal, and where no widow or children survived him. Under these conditions it gives the executor the right to obtain the renewal for the benefit of the estate of the author, as the new property right was in existence at the time of the author's death. *White-Smith Music Pub. Co. v. Goff,* 187 Fed. 247; *Silverman v. Sunrise Pictures Corporation,* 273 Fed. 909.

*Mr. J. Joseph Lilly,* by leave of court, filed a brief as *amicus curiæ.*

MR. JUSTICE HOLMES delivered the opinion of the Court.

These are bills in equity brought by the petitioner to restrain dramatic performances based upon two poems, " Over the Hills to the Poor House " and " Over the Hills from the Poor House," and for an account and damages. The author of the poems, Will Carleton, held a renewed copyright for them which expired on or about February 21, 1915. He died on December 18, 1912, testate, leaving all his property to Norman E. Goodrich and appointing him sole executor. On January 21, 1915, the executor applied for and obtained a renewal of the copyright to February 21, 1929. Later the exclusive right to dramatize the poems was assigned to the plaintiff. The only defense relied upon here is that the statutes did not give the executor a right of renewal and that therefore the copyright has expired. The bills were dismissed upon this ground by the District Court, (No. 310) 274 Fed. 731; (No. 311) 275 Fed. 582, and the decrees were affirmed on the authority of *Silverman* v. *Sunrise Pictures Corporation,* 273 Fed. 909, by the Circuit Court of Appeals. 279 Fed. 1018.

This copyright was subsisting when the Copyright Act of March 4, 1909, c. 320, 35 Stat. 1075, went into effect. By § 24 of that statute copyrights so subsisting " may, at the expiration of the term provided for under existing law, be renewed and extended by the author of such work if still living, or the widow, widower, or children of the author, if the author be not living, or if such author, widow, widower, or children be not living, then by the author's executors, or in the absence of a will, his next of kin, for a further period such that the entire term shall be equal to that secured by this Act, including the

renewal period: . . . *Provided,* That application for such renewal and extension shall be made to the copyright office and duly registered therein within one year prior to the expiration of the existing term." The argument on which the statute was held not to apply to the present case was that the renewal creates a new estate, *White-Smith Music Pub. Co.* v. *Goff,* 187 Fed. 247; that the estate is purely statutory, and does not exist until within one year prior to the expiring of the existing term; that therefore Carleton dying more than a year before that moment had nothing to bequeath; and that the statute gave nothing to the executor except when the testator had the right to renew at the moment of his decease. It is argued that the executor is mentioned only to provide for the case of the testator's dying within the year without having exercised his right to renew, and thus having a right that the statute allowed him to transmit.

All of these propositions may be admitted, (for the purposes of the present argument only,) except the last. But we see no sufficient reason for thus limiting the right of the executor. The section read as a whole would express to the ordinary reader a general intent to secure the continuance of the copyright after the author's death and none the less so if the actual continuance was effected by creating a new estate, or if the beneficiaries in certain cases are pointed out. No one doubts that if Carleton had died leaving a widow she could have applied as the executor did, and executors are mentioned alongside of the widow with no suggestion in the statute that when executors are the proper persons, if anyone, to make the claim, they cannot make it whenever a widow might have made it. The next of kin come after the executors. Surely they again have the same rights that the widow would have had. The limitation is derived from a theory that the statute cannot have intended the executor to take

unless he took what the testator already had. We should not have derived that notion from the section, which seems to us to have the broad intent that we have expressed, and the words specially applicable seem to us plainly to import that if there is no widow or child the executor may exercise the power that the testator might have exercised if he had been alive. The executor represents the person of his testator, Littleton, § 237, and it is no novelty for him to be given rights that the testator could not have exercised while he lived. Green v. Ekins, 2 Atk. 473, 476. A familiar illustration is to be found in the Employers' Liability Act which gives to personal representatives a new cause of action for causing death, although the foundation is the original wrongful injury to the deceased. Michigan Central R. R. Co. v. Vreeland, 227 U. S. 59, 68, 70.

*Decrees reversed.*