## SILVERMAN v. SUNRISE PICTURES CORPORATION.

(Circuit Court of Appeals, Second Circuit. April 30, 1923.)

No. 11.

1. Copyrights ⬤⟿33—Next of kin held entitled to renewal.

Under Copyright Act March 4, 1909, §§ 23, 24 (Comp. St. §§ 9544, 9545), providing for renewal of a copyright, *held* that, when the time for renewal, if the copyright were to be ever renewed, arrived, there was no executor and no surviving spouse or child, the next of kin could properly renew the copyright.

2. Copyrights ⬤⟿33—Administration of estate without renewal of copyright held not to preclude next of kin from applying for renewal.

The administration of an estate, among the assets of which is the copyright of a publication, and the discharge of the executor before the expiration of the copyright, does not preclude the power of applying for renewal of copyright being exercised by decedent's next of kin.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Isaac Silverman against the Sunrise Pictures Corporation. Decree for plaintiff, and defendant appeals. Affirmed.

See, also, 273 Fed. 909, 19 A. L. R. 289.

Certiorari denied 43 Sup. Ct. 705, 67 L. Ed. ——.

Kahn & Zorn, of New York City (J. Joseph Lilly and Clinton T. Roe, both of New York City, of counsel), for appellant.

Ross & Kaufman, of New York City (Joseph B. Kaufman and Arthur Leonard Ross, both of New York City, of counsel), for appellee.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

PER CURIAM. This is a litigation heard by us on appeal from denial of injunction pendente lite in 273 Fed. 909, 19 A. L. R. 289. After trial this appeal was taken from the final decree, but the facts as recited in our previous opinion have not been varied.

Between our former decision in this case and the present hearing there came before us Fox Film Corporation v. Knowles, 279 Fed. 1018, in which case we affirmed on the authority of 273 Fed. 909, 19 A. L. R. 289. Thereupon the Fox Film Case went to the Supreme Court by certiorari and was reversed in opinion handed down March 12, 1923. Although this present appeal was submitted some months ago, we deferred decision until the Supreme Court acted in the Fox Film matter, and thereafter heard reargument in the appeal at bar.

While in our first opinion herein the discussion of sections 23 and 24 of the Copyright Act (Comp. St. §§ 9544, 9545) was quite extended, the essential holding in respect of the facts presented was that under the circumstances shown the next of kin as a class, and acting through a fraction of their number, had good right to secure renewal of the copyright in question. We are unable to perceive that the decision of the Supreme Court in the Fox Film matter has disturbed, questioned, or even considered this point.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

We had erroneously construed the statute "as vesting the right [of applying for renewal copyright] in or imposing the duty on executors, only when the power or privilege of obtaining renewal was existing in the testator author at the moment of decease." 273 Fed. 913. We are now informed that the executor, on the contrary, is by the statute "given rights that the testator could not have exercised while he lived." That construction and holding was sufficient to dispose of the Fox Film Case, and nothing more than that can in our judgment be extracted from the ruling opinion.

[1] The argument or theory reversed and set aside by the opinion of Holmes, J., was based upon a concept of the renewal copyright being an estate, and therefore something which must have been in actual present existence in order to pass by will, or constitute a right in the executor. This notion is not law, and the "executor may exercise the *power* that the testator might have exercised if he had been alive"—if there be no widow or child. All this makes no difference in the present case; for, although there was no widow (or, in the present instance, surviving husband) or child, and there was an executor, that executor never acted, and was discharged from his office before he or anybody else could act. When the time for action came, the only person or persons in being who could under the statute apply were the next of kin, and they did act in the premises.

[2] The argument contra is that when, as here, there is no immediate family or descendants, and the executor concludes his duties and is discharged from office before the last year of the existing copyright, no one can ever apply for renewal and the copyright is dead. We have held, and still think, that the *power* of applying for copyright which springs into existence after the executor's discharge must vest somewhere. It cannot vest in the executor, because there is none; it cannot vest in an administrator d. b. n. c. t. a. for reasons pointed out by us before, and similarly it cannot vest in legatees as such. It must therefore vest in the next of kin. It is true that the rights of the next of kin under the statute arise "in the absence of a will"; but there is here a complete absence of any will affecting this renewal copyright.

We are strengthened in this opinion, so far as the present cause is concerned, by the numerous opinions in the state of Alabama holding substantially that, where there are no debts, the heirs and next of kin may act directly in respect of any property right originating in their decedent, without the intervention of letters either testamentary or of administration. Cooper v. Davison, 86 Ala. 367, 5 South. 650; Wright v. Robinson, 94 Ala. 479, 10 South. 319, citing earlier cases.

For these reasons, the decree is affirmed, with costs.