JOSEPH MORRIS TOBANI, as Administrator with the Will Annexed, etc., of HELENE MOSES TOBANI, Deceased, and JOSEPH MORRIS TOBANI and WANDA TOBANI, as Executors, etc., of THEODORE MOSES TOBANI, Deceased, Appellants, *v.* CARL FISCHER, INC., Respondent.

Second Department, March 9, 1942.

*Benjamin J. Jacobson* [*Sydney Rosenthal* with him on the brief], for the appellants.

*Francis Gilbert* [*Godfrey Cohen* with him on the brief], for the respondent.

HAGARTY, J. This is an action by the representatives of the estates of Theodore and Helene Tobani, husband and wife, the former of whom was the sole beneficiary under the will of the

latter, to recover the sum of $5,000 on the ground that it was due and payable to Helene within thirty days after the death of Theodore, in accordance with the terms of a written contract between defendant and Theodore and Helene, executed on the 31st of August, 1928. The case turns on the construction of the contract.

It is recited at the outset of the contract that Theodore had been employed for a long time by respondent, hereinafter referred to as Fischer, and its predecessor in interest, during which period of employment he had composed a large number of musical compositions, arrangements and adaptations, which were delivered to such employers, and were thereafter published and copyrighted in their names. It is further recited that certain of Theodore's musical works were published under his own name, or a *nom de plume*, and that a dispute had arisen between Fischer and Theodore as to the rights of the parties with respect to renewal terms of copyright to compositions, some of which original terms of copyright had expired and others had not. It is then provided that, in order that the dispute might be amicably adjusted and the exclusive right and title of Fischer in and for the full terms of copyright and all extensions and renewals with respect to all of the compositions established beyond question, " and in consideration of the payments to be made to Mr. Tobani and Mrs. Tobani as hereinafter set forth, it is hereby agreed * * *."

The subsequent covenants afforded Fischer safeguards of its claimed exclusive right to the compositions, in so far as it was possible to obtain them from the Tobanis as of the date of the making of the contract, in the light of the provisions of the Copyright Act (U. S. Code, tit. 17, §§ 23, 24). That act provides for an original term of copyright of twenty-eight years from the date of the first publication, with the right of renewal for a further term of twenty-eight years. The right of renewal is dependent upon whether the composition belonged to and was published by an employer or the author. In the first instance, the right to renew is in the employer, and in the second, in the author. If in the author, the right to renew accrues upon application during the last year of the original term, and is limited to those enumerated in the act, including the author, and in the event of his death, the widow, despite any attempted assignment by the author during the original term of copyright. (*West Publishing Co.* v. *Thompson Co.*, 169 Fed. 833; *Silverman* v. *Sunrise Pictures Corporation*, 273 id. 909; *Fox Film Corporation* v. *Knowles*, 274 id. 731; *Tobani* v. *Carl Fischer, Inc.*, 98 F. [2d] 57; certiorari denied, 305 U. S. 650; *Shapiro, Bernstein & Co.* v. *Bryan*, 27 F. Supp. 11.) Theodore acknowledged that, in furtherance of his employment, all of his musical works were composed and delivered by him to Fischer and Fischer's

predecessor, and that he had duly received payment and compensation for such services.

The contract was prepared by the attorney for Fischer, the Tobanis having had no advice of counsel. The draftsman addressed himself to the task of protecting Fischer in the event that the acknowledgment of employment provision, for any reason, proved to be ineffectual. He envisioned the possibility of the death of Theodore prior to that of Helene. He knew that if Helene survived Theodore, she would be entitled to apply for renewals which thereafter accrued as to compositions, the original terms of copyright of which belonged to Theodore, under the provisions of the Copyright Act. Helene's survival was not improbable as, at the time of the making of the contract, Theodore was seventy-three years old and Helene was fifty-four. In the succeeding paragraph, therefore, Helene assigned to Fischer all renewals of copyright to the compositions to which otherwise she might be entitled pursuant to the pertinent provisions of the Copyright Act. The assignment was prefaced by the following language: " The parties hereto mindful of the possibility that Mr. Tobani may not be living when the original term of copyright affecting some of the compositions hereinbefore described expires, and desiring to provide for the complete protection of Fischer in the event of such contingency * * *." Helene also agreed to execute any further instruments from time to time that might be necessary to accomplish the intended purposes. In the paragraph following, Fischer, " In consideration of the foregoing," agreed to pay Theodore twenty-five dollars a week for life and, upon his death and within thirty days thereafter, " to pay to Mrs. Tobani the sum of Five Thousand Dollars ($5,000) in cash."

The contingency that Helene would survive Theodore did not come to pass. She died on December 22, 1928, shortly after the making of the contract. Theodore died on December 12, 1933. He received from Fischer during his lifetime the stipulated payments of twenty-five dollars a week.

Plaintiffs contend that the agreement vested Helene with an indefeasible right to the sum stated in the contract in consideration of her assignment of renewal rights. Fischer contends that the contract should be read as if, after the agreement to pay to Helene the sum of $5,000, it contained a further provision that, in order to become entitled to payment, she should survive Theodore. The construction for which Fischer contends is predicated on the divisibility of the contract, namely, that, for Theodore's covenants, it agreed to pay him twenty-five dollars a week for life, and for Helene's covenants, independently, it agreed to pay her $5,000 upon Theodore's death.

Our view is that the contract is indivisible. For the acknowledgment of employment and the assignments in the contract itself by both, as an entity, the defendant agreed to pay, as an entity, the weekly and lump sums. The covenants of the Tobanis are prefaced with the words " * * * and in consideration of the payments to be made to Mr. Tobani and Mrs. Tobani as hereinafter set forth * * *." That " the payments " served as consideration for the joint promises is also revealed by the fact that, in the single paragraph in which provision is made for these payments, they are characterized as " In consideration of the foregoing, * * *," namely, the covenants of both Theodore and Helene.

We are not permitted, however, so to construe the contract, as the complaint ignores the consideration for the lump sum furnished by Theodore's covenants and alleges, in effect, that an independent contract existed between Helene and Fischer whereby, in consideration of Helene's assignment, as contained in the contract, Fischer agreed to pay her the lump sum. Under this state of the pleadings, we are required to determine whether or not the assignment by Helene of any and all possible claims to copyrights, in and of itself, constituted sufficient consideration for payment to her of such sum.

Fischer, under its claim that the contract should be construed as meaning that the payment to Helene was conditioned upon her survivorship of Theodore, argues that Helene was of value to it only by way of protection of its exclusive claim to renewals in the event that she survived Theodore; that her assignment in the contract itself of renewals which had not then accrued was valueless, and that it could not reasonably be presumed that Fischer agreed to pay $5,000 for it. It invokes authority to the effect that where words of present transfer are used, but the subject-matter is not yet in existence, the agreement will be regarded as executory. (*T. B. Harms & Francis, Day & Hunter* v. *Stern*, 229 Fed. 42, 49; *Matter of Black*, 138 App. Div. 562, 564.) Performance of such executory contract, it is contended, was rendered impossible by Helene's predecease of Theodore. In brief, Fischer claims that the nature of the contract, coupled with the fact that Helene's assignment was worthless, requires a construction that there was an implied condition that Helene survive Theodore. Where, for example, bales of cotton were particularly identified in a contract of purchase and sale and were destroyed by accidental fire before delivery, it was held that the minds of the parties were presumed to have contemplated such possible destruction and that the contract was discharged by impossibility of performance. (*Dexter* v. *Norton*, 47 N. Y. 62.) As analogous illustrations,

CHURCH, Ch. J., in that case, refers to contracts for personal services dependent upon the lives of the individuals making them.

Our opinion is that the present contract is not one which warrants a construction of implied condition of survivorship. Such a condition will be implied only when the continued existence of a party is assumed as the basis of the agreement. (*Lorillard* v. *Clyde*, 142 N. Y. 456, 462.) Survivorship of Helene was not assumed. Survivorship in itself afforded no benefit to Fischer. It was only such survivorship as continued to the twenty-eighth year of the original term or terms of copyright which would have been of benefit to Fischer, to the end that Helene then might make lawful and binding assignments of the renewals. There is nothing in the contract which would warrant the implication of a condition of survivorship. If, for example, Helene survived her husband for a sufficient period of time within which to make lawful assignments of some of the original terms of copyright, but not of others, the agreement would not warrant Fischer in seeking a proportionate refund of the amount paid. She might have survived her husband only by a month, during which time no renewal rights accrued. Obviously, then, mere survivorship of Theodore was not in itself a material factor. It cannot be held, therefore, that payment was conditioned on such survivorship.

The result is that the contract must be construed as an agreement to pay $5,000 for the assignment by Helene therein contained. The assignment may have been worthless, but it was what Fischer bargained for and obtained. Such assignment was of value as a medium by which Helene joined in the contract containing an acknowledgment that the compositions had been published in the course of Theodore's employment. (See *Tobani* v. *Carl Fischer, Inc.*, 98 F. [2d] 57; certiorari denied, 305 U. S. 650.)

The implied condition in the contract for which Fischer contends could have been therein expressly stated. Doubt, if any, occasioned by the omission should be resolved against it. As stated in *Schumacher* v. *G. E. C. & I. Co.* (197 N. Y. 58, 64), " * * * it had the choice of language in stating the contract " and so " must be held to the rule common in construing all contracts by which the terms thereof are construed strictly against the person whose language is used in expressing it."

The judgment for defendant should be reversed on the law, with costs, and judgment should be directed for plaintiffs for $5,000, with interest thereon from January 11, 1934, with costs.

LAZANSKY, P. J., JOHNSTON, TAYLOR and CLOSE, JJ., concur.

Judgment for defendant reversed on the law, with costs, and judgment directed for plaintiffs for $5,000, with interest thereon from January 11, 1934, with costs.