## ROSSITER v. VOGEL et al.
### No. 90.

Circuit Court of Appeals, Second Circuit.

April 13, 1943.

Francis Gilbert, of New York City (Gilbert & Gilbert and Godfrey Cohen, all of New York City, on the brief), for plaintiff-appellee.

Arthur F. Driscoll, of New York City (O'Brien, Driscoll & Raftery and Milton M. Rosenbloom, all of New York City, on the brief), for defendants-appellants.

Before L. HAND, CLARK, and FRANK, Circuit Judges.

CLARK, Circuit Judge.

The issue on appeal is whether a prior assignee of a right to a copyright renewal is barred, either by the copyright recording statute, 17 U.S.C.A. § 44, or by general equitable principles, from enforcing his assignment against a subsequent assignee in possession of the copyright renewal. Upon motion of plaintiff, the prior assignee, for a summary judgment on the pleadings, the lower court relying on our decision in M. Witmark & Sons v. Fred Fisher Music Co., 2 Cir., 125 F.2d 949, since affirmed by the Supreme Court, April 5, 1943, 63 S.Ct. 773, 87 L.Ed. ——, upheld the validity of plaintiff's assignment, albeit of an expectancy, and entered judgment directing the transfer over of the copyright and enjoining its further use by the subsequent assignee.

The pleadings and the respective affidavits of the parties disclose the following facts: In 1910, Shelton Brooks, author of the song "Some of These Days," and his publisher, William Foster, to whom he had conveyed the song for copyrighting and publication, sold to Rossiter, the appellee, "all right, title and interests" in the song "in which I have no further claim." The copyright was then in the first month of its initial term of twenty-eight years. No mention was made of the right to the renewal authorized by 17 U.S.C.A. § 23. In 1926, Rossiter obtained Brooks' signature to a "Bill of Sale," which recited that "for and in consideration of the sum of One Dollar ($1.00), I, the undersigned, herein and hereby sell to Will Rossiter, all rights, title and interest—and all copyright renewals thereof—in the song 'Some of These Days.'" Rossiter maintains that incidental to this agreement he also orally promised "to place the continued publication of the composition on a royalty basis so that he [Brooks] could secure revenue from the composition during the renewal period." Brooks, however, has made an affidavit wherein he stoutly denies that he received any consideration for this transfer and asserts that he was deceived into signing by Rossiter's statement that the instrument was necessary to establish a claim to some foreign copyright.

In 1937, the year for filing the application for a renewal of the copyright pursuant to § 23, Brooks executed an "Assignment of Copyright" to defendant Jerry Vogel, acting for defendant Jerry Vogel Music Co., Inc., which purported to "grant * * * the exclusive right for the entire period of the renewal copyright to print, publish, \and otherwise vend and deal in the aforesaid musical composition 'Some of These Days' "—in consideration of their promise to print and publish the composition and to pay him "fifty per cent (50%) of all monies received by us from the sale and distribution of said musical composition * * *. Half of our fifty per cent (50%) we agree to pay for the cost of printing and distributing said musical composition." Vogel upon Brooks' instruction thereafter filed application for, and secured renewal of, the copyright. Although it appears that the Music Co. has made use of the rights thus secured, it has not been shown what, if any, profits Brooks has received thereby. The instrument of transfer was recorded pursuant to 17 U.S.C.A. §§ 44, 45.

Some five months after this recordation Rossiter recorded the instrument signed by Brooks in 1926 and served notice upon defendants of his claim to the copyright renewal. Vogel, acting for the Music Co., ignored the notice and now denies any prior knowledge of this rival claim. To establish ownership of the renewal Rossiter filed a complaint with the lower court praying for an order directing defendants to transfer the renewal to him and enjoining them from its further use. Brooks was named as a party defendant, but was not served and is not a party to this appeal. We believe the court acted erroneously in entering a summary judgment for Rossiter.

 It would seem fairly clear that the agreement of 1910 did not convey the renewal right. The phrase "all right, title and interests" may be broad enough to divest a grantor of all reserved rights. Nicholson Pavement Co. v. Jenkins, 14 Wall. 452, 81 U.S. 452, 20 L.Ed. 777. But in the last analysis the intention of the parties governs. Paige v. Banks, 13 Wall. 608, 80 U.S. 608, 20 L.Ed. 709; Pierpont v. Fowle, C.C.Mass., 19 Fed.Cas. page 652, No. 11,-152; Cowen v. Banks, C.C.N.Y., 6 Fed. Cas. page 669, No. 3,295. And we have

held that the circumstances justifying the transfer of the right of renewal must be stronger than those justifying the transfer of the copyright, since the right of renewal is separate from the original copyright. Shapiro, Bernstein & Co. v. Bryan, 2 Cir., 123 F.2d 697. A complete transfer was obviously not intended here, for then there would have been no occasion for the supplemental agreement of 1926. Too, this would seem the only proper conclusion from the affidavits themselves, for plaintiff was noncommittal on Brooks' denial that anything more than the original term was transferred. And had plaintiff seriously asserted that the agreement transferred the renewal right, a triable issue of fact would have been presented and it would have been error for the lower court to render summary judgment for him. Edward B. Marks Music Corp. v. Jerry Vogel Music Co., D.C.S.D.N.Y., 42 F.Supp. 859, 865. Plaintiff's rights to the copyright renewal accordingly depend solely upon the supplemental agreement of 1926.

■ That agreement has the title of a "Bill of Sale." We believe it should be construed as an immediate and outright transfer, that is, an assignment of an expectancy. The language of the instrument purporting to "sell" all rights, title and interest in the song, and all copyright renewals thereof, clearly evinces the contemplation of the parties that they were passing a presently transferable right. Actual words of assignment are not necessary. See Weil, American Copyright Law, 1917, 553; Amdur, Copyright Law and Practice, 1936, 807.

■ The decision of the Supreme Court in Fred Fisher Music Co. v. M. Witmark & Sons, supra, now settles the law that such an assignment of an expectancy was valid. True, the assignee there also had an express power of attorney to file application for the copyright renewal. But that was an unnecessary precaution indulged by the parties to the assignment. It is well established, as we indicated in our decision, citing authorities, 125 F.2d at page 950, that a power of attorney will be implied from the mere fact of an assignment.

■ Quite clearly the agreement of 1937 was an assignment of an expectancy, too, for it contained unmistakable language denoting an intention to grant a presently transferable right, although at its execution application had not yet been filed for a renewal of the copyright. The renewal right does not strictly accrue until the filing of an application in the twenty-eighth year of the original term, and the renewal itself does not thereafter become effective until the first day of the twenty-ninth year. 17 U.S.C.A. § 23; M. Witmark & Sons v. Fred Fisher Music Co., supra, 125 F.2d at page 950; Tobani v. Carl Fischer, Inc., 263 App.Div. 503, 504, 33 N.Y.S.2d 294, 296.

■ So here we have two competing assignments of an expectancy, one some eleven years prior in time to the other. Section 44 of the Copyright Act, 17 U.S. C.A. § 44, provides: "Every assignment of copyright shall be recorded in the copyright office within three calendar months after its execution in the United States or within six calendar months after its execution without the limits of the United States, in default of which it shall be void as against any subsequent purchaser or mortgagee for a valuable consideration, without notice, whose assignment has been duly recorded." The requirement that "every" assignment shall be recorded leaves no room for doubt that an assignment of an expectancy is as recordable as any other assignment and that unrecorded it cannot prevail against the subsequent recorded assignment of a bona fide purchaser for a valuable consideration. That this has been the understanding of the trade, see the Supreme Court's opinion in the Witmark case, supra, 63 S.Ct. 773, 779, 87 L.Ed. ——. Cf. Gibson v. Cook, C.C. N.D.N.Y., 10 Fed.Cas. page 314, No. 5,393, for the suggestion that even an oral assignment must be recorded for its full protection. So here the assignment to plaintiff should have been recorded within three months of its execution for protection against the subsequent recorded assignment to Vogel. Absent such recordation, it was void as to Vogel if Vogel was a purchaser for a valuable consideration and without notice. But he only promised to share royalties, and it has been universally held that a mere promise to pay does not constitute a valuable consideration within the recording acts. See 2 Scott on Trusts, 1939, 1659, and the multitude of cases cited there and in 109 A.L.R. 163, 124 A.L.R. 1259. It does not appear whether, or to what extent, the Music Co. performed under its agreement with Brooks. If it changed its position or made partial payments sufficient to justify a temporary retention of the copyright until it was made whole, cf. 2 Scott on Trusts, 1939, 1668, 1670, it has failed to show this. Plaintiff,

the prior assignee, therefore would prevail so far as the statute is concerned.

But issue was further joined as to the presence of fraud and the failure of consideration in the agreement of 1926—questions expressly left open in the Witmark case. Indeed, the Supreme Court was circumspect to declare: "It is one thing to hold that the courts should not make themselves instruments of injustice by lending their aid to the enforcement of an agreement where the author was under such coercion of circumstances that enforcement would be unconscionable [citing cases]. It is quite another matter to hold, as we are asked in this case, that regardless of the circumstances surrounding a particular assignment, no agreements by authors to assign their renewal interests are binding." 63 S.Ct. at page 779; 87 L.Ed. ——; see, also, our opinion, 125 F.2d at page 954.

 The lower court has refused to pass upon these issues as not properly raised by affirmative defenses. But we have held that where facts appear in affidavits upon motion for a summary judgment which would justify an amendment of the pleadings, such amendment should not be prevented by the entry of a final judgment. Downey v. Palmer, 2 Cir., 114 F.2d 116; cf. Seaboard Terminals Corp. v. Standard Oil Co. of N. J., 2 Cir., 104 F.2d 659; see, also, 3 Moore's Federal Practice 3190. The allegations of fraud, if proved upon amendment of the pleadings, alone would render plaintiff's assignment not only unenforceable in equity, but totally void. Farrington v. Harlem Sav. Bank, 280 N.Y. 1, 19 N.E.2d 657; Boxberger v. New York, N. H. & H. R. Co., 237 N.Y. 75, 142 N.E. 357; 5 Williston on Contracts, Rev.Ed., §§ 1435, 1488; Restatement, Contracts, § 476.

Moreover, we think that the evidence of inadequate consideration, especially when taken in connection with the allegations of deceit, presents a triable issue at least as to the enforceability of plaintiff's assignment. Equity is loath to grant specific performance of a contract founded upon a grossly inadequate consideration, particularly when there are other circumstances indicating unfairness. Cf. M. Witmark & Sons v. Fred Fisher Music Co., supra, 125 F.2d at page 954; Rishel v. Pacific Mut. Life Ins. Co. of California, 10 Cir., 78 F.2d 881, 131 A.L.R. 414; 5 Williston on Contracts, Rev.Ed., § 1428; Restatement, Contracts, § 367.

True, plaintiff is not seeking to enforce the contract directly against Brooks, but Vogel, as his assignee, stands in his shoes, T. B. Harms & Francis, Day & Hunter v. Stern, 2 Cir., 229 F. 42, on rehearing 2 Cir., 231 F. 645; and any defense of this nature available to Brooks is open to Vogel. Of course, we cannot go so far as to say that the assignment to plaintiff was unenforceable on its face because the consideration was grossly inadequate—especially in view of the absence of any evidence as to the value of the copyright renewal and also in view of plaintiff's statement that an oral royalty-sharing agreement was incorporated in the assignment. But triable issues were raised; accordingly it was error for the district court to grant summary judgment for plaintiff, and the case must be remanded for trial.

Reversed and remanded.