## MILLER MUSIC CORPORATION, Plaintiff,

v.

## CHARLES N. DANIELS, Inc., Defendant.

United States District Court
S. D. New York.
Dec. 31, 1957.

Abeles & Bernstein, New York City, for plaintiff. Julian T. Abeles, Arnold J. Bernstein, New York City, of counsel.

Lewis A. Dreyer and Jack M. Ginsberg, New York City, for defendant. Milton A. Rudin, Los Angeles, Cal., of counsel.

FREDERICK van PELT BRYAN, District Judge.

This is an action for copyright infringement by one music publisher against another. Plaintiff claims to be the owner of a partial interest in the renewal copyright of the song "Moonlight and Roses," and seeks the enforcement of its rights as such owner. Defendant alleges that it is the owner of the entire copyright, including the partial interest claimed by plaintiff, and counterclaims for enforcement of its rights.

A United States copyright is valid for twenty-eight years from the date of first publication. 17 U.S.C. § 24. During the last year of the original twenty-eight year term an application for renewal for an additional twenty-eight years may be made under 17 U.S.C. § 24 by "the author of such work, if still living, or the widow, widower, or children of the author, if the author be not living, or if such author, widow, widower, or children be not living, then the author's executors, or in the absence of a will, his next of kin * * *."

The question presented here is whether the assignment of his renewal rights by Ben Black, one of the co-authors of the song, to plaintiff prior to the time when they accrued at the commencement of the last year of the original term of the copyright was defeated by the author's death

before the period commenced within which renewal could be made. There seem to be no reported cases which specifically pass on this question and it appears to be one of first impression.

In Fred Fisher Music Co. v. M. Witmark & Sons, 318 U.S. 643, 63 S.Ct. 773, 87 L.Ed. 1055, the Supreme Court had before it for the first time the question of whether under the Copyright Act of 1909 an author may validly assign his renewal rights to a copyright prior to the time he actually acquires or may acquire them during the last year of the original copyright term. The court held that such an assignment was valid and binding as against the author or his subsequent assignees if the author survives until the twenty-eighth year of the original copyright term, the year in which his renewal rights accrued. However, since the author was still alive at the time the renewal period commenced, Fisher left open the question presented here of whether such an assignment by the author could defeat the statutory right to renew which is expressly given to his widow and children, executor or next of kin by 17 U.S.C. § 24 if the author dies before the commencement of the twenty-eighth year of the original term.

The facts have been stipulated, and are as follows:

"Moonlight and Roses" was written by Ben Black and Charles N. Daniels some time prior to 1925. The authors assigned the composition and the right to secure a copyright therein to Villa Moret, Inc., a music publisher, and the latter obtained a copyright on January 10, 1925. This copyright expired on January 9, 1953.

On October 3, 1946 Ben Black assigned his partial interest in the renewal copyright to the plaintiff, Miller Music Corporation. The instrument of assignment did not by express language purport to bind Black's testamentary representatives. The assignment included a power of attorney under which the plaintiff was authorized to file a renewal application in Ben Black's name. On October 14, 1946 the plaintiff obtained separate assignments from David, Jules and Isidore

Black, brothers of Ben Black, of any respective interests which they might have in the renewal copyright. All the assignments contained covenants by the assignors to make and execute any and all further instruments, documents and writings for the purpose of perfecting and confirming all rights and interests in the renewal copyright in the plaintiff. Each was duly recorded in the Copyright Office on October 27, 1946.

Ben Black died, a resident of California, on December 26, 1950, before the commencement of the last year of the original copyright term when the right to apply for renewal first accrued. He left no surviving widow or children. In his will he named his brother David Black, and the Bank of America, as co-executors. The Bank failed to qualify and David Black became the sole executor.

The will, which was admitted to probate in the Superior Court of the State of California on February 15, 1951, made no mention of the renewal copyright or of the 1946 assignment to plaintiff. The residuary estate was left to the testator's nephews and nieces, the children of various of his brothers.

On January 16, 1952, during the last year of the original copyright term, David Black, as executor of the estate of Ben Black, applied to the Copyright Office for renewal of the copyright in "Moonlight and Roses" and received a certificate of renewal registration from the Register of Copyrights.

On March 24, 1952 the California Superior Court issued a decree ordering the distribution of all the property in the estate. The decree specified that all the rights in "Moonlight and Roses" were included in the distribution to the nephews and nieces as residuary legatees. The latter assigned all their right, title and interest in the composition to the defendant by written assignment dated May 1, 1952. Upon petition of David Black as executor the assignment was approved by the Superior Court of California on June 23, 1952. Subsequently, a copy of the assignment, signed by David Black as ex-

ecutor, as well as by the assigning nephews and nieces, was filed with the Copyright Office.

The defendant has also acquired the renewal rights of the co-author, Charles N. Daniels, through an assignment from Daniels' children. There is no question as to the ownership of the Charles N. Daniels interest. The only dispute is as to who owns the Ben Black interest.

Plaintiff, asserting its partial ownership, demands that defendant be enjoined from infringing its rights under the copyright renewal; that defendant be compelled to assign to the plaintiff all the right, title and interest of author Ben Black which it claims; and that defendant be required to pay such damages as plaintiff has sustained and to account for all gains and profits derived by such infringement. Defendant counterclaims for substantially the same relief and demands, in addition, that plaintiff be required to deliver up for destruction all infringing copies and all plates, moulds and other matter used for making such infringing copies. Both sides have moved for summary judgment on the stipulated facts. The only question presented is one of law as to the enforceability of the respective assignments under these circumstances.

Defendant's first contention is that the decree of final distribution by the California probate court is conclusive as to the ownership of the renewal copyright. This contention may be disposed of briefly. Section 1021 of the Probate Code of California provides:

"§ 1021. *Decree of distribution.* In its decree, the court must name the persons and the proportions or parts to which each is entitled, and such persons may demand, sue for, and recover their respective shares from the executor or administrator, of any person having the same in possession. Such order or decree, when it becomes final, is conclusive as to the rights of heirs, devisees and legatees."

■ The California courts have consistently held that one who claims as a stranger to the estate or adversely to the estate rather than as an heir, devisee or legatee, will not be bound by a decree of distribution since the jurisdiction of the probate court is limited to rights granted in privity with the estate and does not extend to the rights or titles of adverse claimants. In re Estate of King, 199 Cal. 113, 248 P. 519; In re Estate of Cropper, 83 Cal.App.2d 105, 187 P.2d 780; In re Estate of Kurt, 83 Cal.App.2d 681, 189 P. 2d 528.

■ Plaintiff's claim is based on an assignment executed during the author's lifetime. As such, the claim is one adverse to the estate under the California cases just cited. Plaintiff does not claim as an heir, devisee or legatee and the California probate decree does not constitute a binding adjudication of its rights.

Determination of rights of the parties here must rest on the effect to be given to Section 24 of the Copyright Act. The language of that section makes no reference to an assignment by an author of renewal rights which might accrue in the future. Until the Supreme Court resolved the question in Fred Fisher Music Co. v. M. Witmark & Sons, supra, it was far from clear that the author could, prior to the last year of the original term, make any valid assignment at all of his renewal rights. But even though the validity of such assignments, if the author remains alive, has been established, it remains to be determined whether an assignee acquires a vested interest in the renewal rights or merely an interest contingent on the author's survival until commencement of the twenty-eighth year of the original term when his renewal rights first accrue.

The statute provides that if the author is not alive during the last year of the original term, designated persons, viz., the widow and children, executor, or next of kin, in the order named, may apply for renewal in the author's stead. Defendant contends that since the designated persons, including the executor, derive their interest solely and directly from the statute, the author may not, by prior assignment, deprive any of them

of the rights which the statute expressly grants them.

■ The rights granted by the successive Copyright Acts passed by Congress, including the presently subsisting Act of 1909, are created solely and entirely by the statute and have no existence apart from the statute. See White-Smith Music Pub. Co. v. Goff, 1 Cir., 187 F. 247, 248. Thus the right of renewal or extension after the expiration of the original term derives solely from the statute and does not exist independently of it. Ever since the enactment of the Act of February 3, 1831, C. 16, 4 Stat. 436, 439, there was, with respect to renewals or extensions (White-Smith Music Pub. Co. v. Goff, supra, at page 250):

"* * * an entirely new policy, completely dissevering the title, breaking up the continuance in a proper sense of the word, whatever terms might be used, and vesting an absolutely new title eo nomine in the persons designated."

This method persists in the present act which eo nomine designates the persons who may apply for a renewal as the author if living at commencement of the last year of the original term, or, if he is not living his widow and children, his executor or his next of kin successively.

■ The courts have frequently stated that prior to the last year of the original term the author has merely an expectancy in the renewal term. De Sylva v. Ballentine, 351 U.S. 570, 574, 76 S. Ct. 974, 100 L.Ed. 1415; Rossiter v. Vogel, 2 Cir., 134 F.2d 908, 910; Carmichael v. Mills Music, Inc., D.C.S.D.N.Y., 121 F. Supp. 43, 45. In the light of the policy of the act with respect to renewal rights "expectancy" means that any right to renewal which the author may have is entirely contingent upon the author's survival until the commencement of the twenty-eighth year. Since this is so an author's assignment of his renewal rights in futuro can effectively transfer such rights to the assignee only if the author survives until the commencement of the twenty-eighth, or last, year of the original term. If the author survives he becomes vested with an absolute power to renew under the statute, and the prior contingent assignment in turn vests such renewal rights in the assignee. On the other hand, if the author fails to survive he has never become vested with any rights of renewal, such rights by statute have been vested eo nomine in his widow, children, executor or next of kin, as the case may be, and there is nothing which can pass by virtue of the assignment.

Plaintiff concedes that when an author fails to survive until the commencement of the last year of the original term, any prior assignment by him is void as against the widow, children and next of kin. But it contends that this is not true as to the executor, because an executor stands in the shoes of his testator and is bound to carry out any agreements entered into by the testator during his lifetime. I cannot agree with this contention. The statute does not differentiate between rights which it vests in the widow and children, the executor and the next of kin successively. There is nothing in the statute indicating that the rights of the executor are any different from those of the other persons named therein. The executor's right to renew in the event that neither the author nor his widow and children survive at the commencement of the renewal period is not a derivative right arising under general testamentary law. It is rather a right arising from the statute itself which has created the right in its own express and limited terms. Since, as has been pointed out, no such right exists apart from the statute, the right cannot be taken away unless the statue expressly so provides. This Congress has not seen fit to do.

Under the scheme of the statute the right of renewal does not follow the ordinary rules of succession. It may be noted, for example, that the widow and children are entitled to renew even though there be a will in which an executor has been designated. Moreover, while the executor may renew if there be no widow or children, there is no mention whatever of an administrator should the author die

intestate. In such case, absent widow and children, the renewal right is vested in the next of kin directly. This statutory scheme, in derogation of the ordinary law of succession is a further indication that the right of renewal does not belong to the author's estate by right of succession, but belongs only to the appropriate person designated in the statute, in this case the executor, who would in turn be obligated to apply for the renewal and distribute the rights so acquired in accordance with the terms of the will.

In Danks v. Gordon, 2 Cir., 272 F. 821, an administrator brought an action for infringement of a copyright renewal. The court held that the action was really one for unpaid royalties, and that an administrator has no standing to sue for infringement of a copyright renewal since he is not one of the persons entitled to renew under the statute. The action was dismissed for want of jurisdiction. The court stated at page 825:

"* * * It will be noticed that while an executor is mentioned an administrator is not and therefore has been regarded as excluded. White-Smith Music Publishing Co. v. Goff (C.C.) 180 F. 256, 258. The right of renewal does not follow the author's estate but the renewal right is derived directly from the statute."

In Fox Film Corp. v. Knowles, 261 U.S. 326, 43 S.Ct. 365, 67 L.Ed. 680, the author died prior to the commencement of the last year of the original copyright term, leaving no surviving widow or children, and his executor subsequently applied for the renewal copyright. The question presented there was whether an executor could, through renewal, obtain rights which his testator never possessed during his lifetime, or whether the executor's right to apply for renewal was limited to the rare situation where the author died during the last year of the original copyright term without having made the necessary application for renewal himself. In holding that the executor's rights are the same as those of the other persons named in the statute, and that the executor's right to renew is independent of the author's rights at the time of his decease, Mr. Justice Holmes stated (261 U.S. at pages 329–330, 43 S. Ct. at page 365):

"* * * No one doubts that if Carleton had died leaving a widow she could have applied as the executor did, and executors are mentioned alongside of the widow with no suggestion in the statute that when executors are the proper persons, if anyone, to make the claim, they cannot make it whenever a widow might have made it. The next of kin come after the executors. Surely they again have the same rights that the widow would have had. The limitation is derived from a theory that the statute cannot have intended the executor to take unless he took what the testator already had. We should not have derived that notion from the section * * *."

In Fred Fisher Music Co. v. M. Witmark & Sons, supra, the Supreme Court, in holding that an assignment of an author's renewal right was valid if the author survived until such right became vested in him, refers to the author's *"contingent interest in the renewal"* under the 1831 Act prior to the commencement of the period when he could, if living, apply for renewal. 318 U.S. at page 651, 63 S.Ct. at page 776.

In the opinion of the Court of Appeals for this Circuit below in the Fisher case, M. Witmark & Sons v. Fred Fisher Music Co., 125 F.2d 949, the court discussed the effect of the death of an author who had assigned his renewal interest prior to the vesting of his right to renewal and said by way of *dictum* (at page 950):

"* * * It is also apparent that the assignment here would not have cut off the rights of renewal extended to the widow, children, executors, or next of kin, in the event of Graff's death prior to the renewal period. * * *"

■ Applying the reasoning of Mr. Justice Holmes in the Fox Film case and

of the *dictum* of the Court of Appeals of this Circuit in Fisher to the facts before me, I conclude that the executor has the same rights under the statute as the widow and children or next of kin. His right to renew is completely independent of what the author's rights were at the time of his decease. The fact that the author had assigned his inchoate renewal rights to the plaintiff would not have barred his widow, or children, if any, from exercising their statutory renewal rights. See De Sylva v. Ballentine, 351 U.S. 570, 582, 76 S.Ct. 974, 100 L.Ed. 1415; Silverman v. Sunrise Pictures Corp., 2 Cir., 273 F. 909, 913, 19 A.L.R. 289; Shapiro, Bernstein & Co. v. Bryan, 2 Cir., 123 F.2d 697, 700. Under the Fox Film and Fisher cases it is clear that the executor's rights are no less than that of the widow and children or next of kin. They therefore cannot be defeated by the author's prior assignment.[1]

■ If it be argued that it is incongruous to allow an author who has no widow or children to defeat his prior assignee by executing a will, the terms of which are in derogation of the assignment, the remedy lies with Congress which passed the statute, and not with the courts. For there is nothing in the language used by Congress which permits a contrary conclusion. The basic purpose of these provisions of the copyright statutes since the Act of 1831 is to give the reward to the author rather than the bookseller. Register of Debates, Vol. 7, Appendix CXIX. The report of the House Committee regarding Section 23 of the Act of 1909 (now Section 24) makes it plain that this was also the purpose of that section. H.Rep. 2222, 60th Cong., 2d Sess. pp. 14–15. Indeed, with respect to the renewal rights vested in the executor by the section the Committee stated:

" * * * Instead of confining the right of renewal to the author, if still living, or to the widow or children of the author, if he be dead, we provide that the author of such work, if still living, may apply for the renewal, or the widow, widower, or children of the author, if the author be not living, or if such author, widow, widower, or children be not living, then the author's executors, or, in the absence of a will, his next of kin. It was not the intention to permit the administrator to apply for the renewal, but to permit the author who had no wife or children to bequeath by will the right to apply for the renewal."

■ The contingent interest in the renewal assigned to the plaintiff therefore never vested and was terminated by the death of the author. The renewal right then vested in the executor who could apply for and obtain a renewal which passed to the residuary legatees. They in turn could and did validly assign such rights to the defendant.

Plaintiff's motion for summary judgment is therefore denied and defendant's motion for summary judgment is granted.

However, the relief which defendant seeks by way of damages, an accounting, attorney's fees and the impounding and destruction of infringing copies, plates and moulds will require further proceedings. The order to be entered on these motions will make provision for such further proceedings as may be necessary.

Settle order on 10 days' notice.

---

1. There has been some disagreement among the text writers as to the effect of an assignment by the author upon the executor's subsequent right to renew under the statute. The following writers seem to be of the view that the author assigns only his expectancy, and that his death before the twenty-eighth year of the first term renders any previous assignment of the expectancy invalid; Ball,

Law of Copyright and Literary Property (1944) 555–56; Spring, Risks and Rights in Publishing, Television, Radio, Motion Pictures, Advertising and The Theater (2nd ed., revised) 95; Ladas, International Protection of Literary and Artistic Property (1938) 772–73. For the contrary view, see Drone on Copyright (1879) 327; Shafter, Musical Copyright (2d ed. 1939) 177.