MILLER MUSIC CORPORATION,
Plaintiff-Appellant,

v.

CHARLES N. DANIELS, INC., Defend-
ant-Appellee.

No. 165, Docket 25339.

United States Court of Appeals
Second Circuit.

Argued March 9, 1959.

Decided April 23, 1959.

Abeles & Bernstein, New York City
(Julian T. Abeles, New York City, of
counsel), for plaintiff-appellant.

Lewis A. Dreyer and Jack M. Gins-
berg, New York City (Lewis A. Dreyer,
Jack M. Ginsberg, New York City; Mil-
ton A. Rudin, Payson Wolff, Los Angeles,
Cal., of counsel), for defendant-appellee.

Before WASHINGTON, WATERMAN and
MOORE, Circuit Judges.

PER CURIAM.

The judgment below is affirmed upon
the written opinion of Judge Bryan, re-
ported at 158 F.Supp. 188.

WASHINGTON, Circuit Judge (dis-
senting).

In his opinion below, Judge Bryan
recognizes that it may be "incongruous
to allow an author who has no widow
or children to defeat his prior assignee
by executing a will, the terms of which
are in derogation of the assignment
* * *." D.C.S.D.N.Y.1957, 158 F.
Supp. 188, 194. In my view, such a re-
sult is not only incongruous but without

legal justification. In the present case,
the will did not purport to bequeath the
renewal rights. It was silent as to them.
For all we know, the testator may have
assumed that his prior assignment would
be honored by his executor. But the
reasoning of the opinion below extends
to a silent will as well as to one in out-
right derogation of a previous assign-
ment. I think in both cases the assign-
ment should prevail.

Under the present Act, the original
term for copyright protection is twenty-
eight years, with a further term of twen-
ty-eight years upon renewal. 17 U.S.C.
§ 24 (1952).[1] According to the scheme
of the statute, should the author die prior
to the time when the renewal rights vest
in him, any assignment of those rights
which he had theretofore made could not
defeat the statutory right of the au-
thor's widow (or widower) and children
to the copyright renewal. Cf. De Sylva
v. Ballentine, 1956, 351 U.S. 570, 580, 76
S.Ct. 974, 100 L.Ed. 1415. Similarly, if
no widow and children survive, and the
author were to leave no will, the renewal
rights would vest in the next of kin. Cf.
Silverman v. Sunrise Pictures Corp., 2
Cir., 290 F. 804 certiorari denied 1923,
262 U.S. 758, 43 S.Ct. 705, 67 L.Ed. 1219.
Finally, if no widow and children sur-
vive, the author nevertheless has the
power to "bequeath by will the right to
apply for the renewal." H.R.Rep. No.
2222, 60th Cong., 2d Sess. 15 (1909).
Under such circumstances the executor
is given the power to obtain the renewal.
See Fox Film Corp. v. Knowles, 1923, 261
U.S. 326, 43 S.Ct. 365, 67 L.Ed. 680.

This statutory scheme was created by
Congress to protect the author and his
family from the author's own improvi-
dence. Shapiro, Bernstein & Co. v. Bry-
an, 2 Cir., 1941, 123 F.2d 697, 700. But
even though the intent of Congress was

1. The pertinent language is:
"* * * the author of such work,
if still living, or the widow, widower, or
children of the author, if the author be
not living, or if such author, widow, wid-
ower, or children be not living, then the
author's executors, or in the absence of a
will, his next of kin shall be entitled to

a renewal and extension of the copyright
in such work for a further term of twen-
ty-eight years when application for such
renewal and extension shall have been
made to the copyright office and duly reg-
istered therein within one year prior to
the expiration of the original term of
copyright. * * *"

that the renewal rights in the first instance be "exclusive" in the author, and even though the statute was therefore framed so that the author "could not be deprived of that right," H.R.Rep. No. 2222, 60th Cong., 2d Sess. 14 (1909), there was certainly no intent by the Congress to set up an absolute prohibition on the power to assign the renewal rights. The author not only can assign the original copyright, see 17 U.S.C. § 28 (1952), but also the renewal copyright as well, once the renewal right has vested in him, see Fred Fisher Music Co. v. M. Witmark & Sons, 1943, 318 U.S. 643, 645, 63 S.Ct. 773, 87 L.Ed. 1055. Similarly, " 'an agreement to assign his renewal, made by an author in advance of the twenty-eighth year of the original term of copyright, is valid and enforceable.' " Id. 318 U.S. at page 647, 63 S.Ct. at page 775. Of course, it has been assumed that this broad power of assignment cannot be construed to defeat the renewal rights which vest in the widow and children or next of kin when the author dies prior to the twenty-eighth year of the original copyright. See, e. g., De Sylva v. Ballentine, supra, 351 U.S. at page 582, 76 S.Ct. 974, 100 L.Ed. 1415. But even these renewal rights may be effectively defeated in favor of an assignee if the widow, children, and next of kin all join in the prior assignment by the author. Cf. Tobani v. Carl Fischer, Inc., 263 App.Div. 503, 33 N.Y.S.2d 294, affirmed, 1942, 289 N.Y. 727, 46 N.E.2d 347. There can thus be no doubt that Section 24 of the Copyright Act does not create any "drastic restriction on free assignability." M. Witmark & Sons v. Fred Fisher Music Co., 2 Cir., 1942, 125 F.2d 949, 953, affirmed, 1943, 318 U.S. 643, 63 S.Ct. 773, 87 L.Ed. 1055. This is especially true in light of the whole "history of judicial disapproval of restraints on assignability." 125 F.2d at page 953.

As we have noted, the statute includes the "author's executors" in the class of persons entitled to apply for renewal and extension of a copyright. But this cannot mean that Congress intended the executor to take personally and beneficially, as in the case of a widow or child. "The executor represents the person of his testator * * *." Fox Film Corp. v. Knowles, 261 U.S. at page 330, 43 S. Ct. at page 366, 67 L.Ed. 680. Therefore, he clearly is to take only in a representative and official capacity in order to prevent the copyright from lapsing and to effectuate any bequest of the renewal right which the testator was entitled to make. See 261 U.S. at page 329, 43 S.Ct. at page 365. For example, if the testator left no widow or child, and had not previously assigned his renewal rights, he could properly bequeath those rights to a friend, and the executor could effectuate the bequest. But the testator here had nothing in actuality to bequeath. He had assigned his renewal rights, and his next of kin had assigned theirs. In equity and fairness, the executor should be made to take all steps necessary to see that his testator's contract is carried out—a contract which was clearly "valid and enforceable" under the Fisher case.

In contrast, the opinion below, adopted by the majority of this court, permits an injustice to be perpetrated. It also reinforces an anomaly within the present statutory scheme. Because an executor cannot take office until the author dies, he is the only interested person who cannot join in a prior assignment of renewal rights by the author, and hence—under the reasoning of the opinion below—the only person who can absolutely defeat the rights of the prior assignee. Such is the result in the present case. But it seems highly incongruous and illogical to place the executor, and the people who take under the will, in a position preferred to that of the author's widow and children. Surely this could never have been the result Congress intended. See De Sylva v. Ballentine, supra, 351 U.S. at page 582, 76 S.Ct. 974, 100 L.Ed. 1415; Shapiro, Bernstein & Co. v. Bryan, supra, 123 F.2d at page 700.